The Chief Justice, after consideration, delivered the opinion of the court.
 

 McKean, Chief Justice.
 

 This case comes before the court on a motion for leave to enter an
 
 exoneretur
 
 on the bail-piece, upon this principle, that the defendant has been discharged under an insolvent law of the state of Maryland, which is in the nature of a general bankrupt law. To this it has been objected, that the insolvent law by which the defendant has been discharged, was made pending the action, and therefore, ought not to operate in the ,, , present case, even *if the laws of any particular country could be ex- -* tended beyond the jurisdiction of that country, which has likewise been denied; and it is said, that in order to give a binding force to laws, it is necessary that the person to be affected should have consented to them, either by himself or his representatives.
 

 But having considered the principles of the law of nations, and the reciprocal obligation of the states under the articles of confederation, we are of opinion, that the act of assembly by which the defendant has been discharged, must be considered as a general bankrupt law, made for general purposes, and equally advantageous to all his creditors. To execute, therefore, upon his person, out of the state in which he has been discharged, would be giving a superiority to some creditors, and affording them a double satisfaction — to wit, a proportionable dividend of his property there, and the imprisonment of his person here. It is true, that the laws of a particular country, have in themselves no extra-territorial force, no coercive operation; but by the consent of nations, they acquire an influence and obligation, and
 
 *243
 
 in many instances, become conclusive throughout the world. Acts of pardon, marriage and divorce, made in one country, are received and binding in all countries. In the state of Delaware, there is a law, a narrow and contracted one, indeed, which obliges executors or administrators to discharge the debts, due from the deceased to his creditors within the state, in preference to every other. This the executor is obliged to comply' with, because he is immediately under the coercion of the law which prescribes it
 
 ; so
 
 that the distinction thus made, is certainly binding out of the state, and the law is in that respect everywhere received ; for, it would be more unjust to compel the executor, who acted legally in his own state, to pay the money out of his pocket, than that the creditor should lose the amount of his demand.
 

 With respect to the argument, that no person can be bound by laws to which he has not either directly or virtually consented, it must be observed, that, though Mr. Miller, the plaintiff, was not a citizen of Maryland, yet Mr. Hall was ; and he, by the law in question, has been obliged to transfer all his effects for the benefit of all his creditors. Having done this, we must presume, that he has fairly done it, and therefore, to permit the taking his person here, would be to attempt to compel him to perform an impossibility, that is, to pay a debt, after he has been deprived of every means of payment —an attempt which would, at least, amount to perpetual imprisonment, unless the benevolence of his friends should interfere to discharge the plaintiff’s account.
 

 From the nature of the act, then, it appears to be founded upon equitable grounds, for general and just purposes ; it ought, therefore, to be regarded in all other countries, and should enjoy that weight, in our decisions, . which it naturally derives from general convenience, expediency, justice and humanity. For, mutual convenience, policy, the consent of nations, and the general principles of justice, *form a code which pervades all nations, P233 and must be everywhere acknowledged and pursued. L
 

 Upon the whole, it is clear, that this transaction does not arise
 
 in fraudem legis,
 
 and that extending the law of Maryland to its present object, will be in no degree derogatory to the independance and sovereignty of this state: Therefore, let the
 
 exoneretur
 
 be entered,
 
 (a)
 

 (a)
 

 See the note to James v. Allen,
 
 ante,
 
 p. 188; and see the remarks upon this case in Mr. Ingraham’s Treatise on the Insolvent Laws, p. 185, 2d ed.