HILLIARD and PIPPIT *against* JAMES GREENLEAF.

A discharge under a special insolvent act of Maryland, will protect the person of an insolvent debtor from arrests in this state.

MOTION to discharge the defendant on common bail.

The defendant, resident in Maryland, obtained a discharge, with divers other persons, from all his debts, under a certificate of the chancellor of that state, grounded on an act of assembly, which passed during a session, commencing on the 5th November 1798, and ending on the 20th January 1799. By the terms of the act, he was entitled to be discharged as a merchant, unless one fourth part of his creditors dissented therefrom, on his giving certain notice of his intention to take the benefit of this insolvent law, by a general publication in the gazette and executing an assignment for the use of his creditors generally.

The chancellor certified, that he had in all things conformed to the law, made his assignment, and was discharged from his debts.

It was admitted, that the plaintiffs were citizens of Pennsylvania, that the debt for which the defendant was arrested, was contracted in Philadelphia, and that upon a former application to this court, for the benefit of the insolvent acts here, he had not given notice to the plaintiffs, pursuant to those laws.

Mr. Gordon, for the plaintiffs, objected to the motion. The Maryland act is retrospective on debts theretofore due. Its operation is similar to the insolvent law of New Jersey, in James *et al. v.* Allen, (1 Dall. 188,) discharging the debtor from imprisonment in that state, but not going beyond its limits. It is local in its nature.

The law of Maryland under which Hall was discharged, (1 Dall. 229,) was framed for general purposes, and may fairly be distinguished from the present. The inconveniences of such an act, are highly obvious, as is fully shown by the argument of the plaintiff's counsel in that case. *Ib.* 230. And good policy will prevent the court from going beyond the bounds of that decision.

Messrs. Ingersoll and W. Tilghman answered, that it appeared in the beginning of the case of Millar *v.* Hall, that the Maryland law was enacted, subsequent to the debt in question, and to the institution of the suit. For nine or ten years past, that state had passed no general insolvent law, but had deemed it sounder policy to enact special insolvent statutes, as the particular occasions arose. But confined, as their act is, to individual cases, its effect in those cases, is general and unrestricted. It discharges the petitioner from all his debts, on his complying with certain pre-requisites. It is indeed more beneficial to creditors, than the law under which Hall obtained relief; because the dissent of one fourth part of the creditors, prevents the discharge of the debtor. Here the assignment is general, and equally advantageous to all the creditors.

The courts of Maryland pay due respect to the discharge of debtors, under the bankrupt laws of this state. Major Smith contracted *debts* in Maryland, and obtained a certificate of conformity from the commissioners of bankrupt here. His creditors in Maryland, were not permitted to arrest him in that state.

So of New Jersey. Mr. Benezet contracted debts there, and took the benefit of the bankrupt laws here. His person was held exempted from debts barred by our act, in the judicatures of New Jersey.

The court observed, that it was of infinite consequence their decisions should be uniform. The principal case is precisely the same in principle as that of Millar *v.* Hall, and we consider ourselves bound by that determination. Let the defendant be discharged on common bail.