### WOODBRIDGE *against* WRIGHT and another.

*June* 15.

The principle that the remedy for the breach of a contract, is to be governed by the *lex fori*, without regard to the *lex loci contractus*, is applicable to the form of an execution to be issued on a judgment recovered. Therefore, where a creditor had recovered judgment in this state, on a contract made in the state of *New-York*, by parties there residing, from which the debtor had obtained a discharge, under the insolvent law of the latter state; it was held, that, notwithstanding such discharge, the creditor was entitled to an execution against the body and estate of the debtor.

THIS was an an action of *assumpsit* for goods sold and delivered.

*Hartford,*
*June,*
*1821.*

Woodbridge
*v.*
Wright.

Goods, to the amount of the plaintiff's demand, which were his property, were sold, by *Dorimus* and *Wilbur*, to the defendants, in *September*, 1816. A bill of them was given, by *Dorimus* and *Wilbur*, in their own names, according to the custom of factors; and payment was to have been made to them; but the defendants were ignorant that they acted as factors in the sale. On the 19th of *May*, 1817, the defendant, *Wright*, was duly discharged, under the insolvent law of the state of *New-York*, passed the 12th of *April*, 1813. A dividend of the insolvent's estate was received, by *Dorimus* and *Wilbur*, on account of the goods sold by them, which they afterwards paid over to the plaintiff; but they refused, at the same time, to sign a discharge, alleging, then, that the goods belonged to the plaintiff. At the time of the sale, and until after the granting of *Wright's* discharge, *Dorimus* and *Wilbur*, and the defendants, lived in the city of *New-York*. The plaintiff has, at all times, been a citizen of *Connecticut*. The insolvent law of *New-York*, the discharge, and the previous proceedings, constituted a part of the case. The question submitted to the court, was, whether upon judgment for the plaintiff, execution should issue against the body of *Wright*, or against his goods and estate only. The case was reserved for the advice of all the Judges.

*Trumbull* and *A. Smith*, for the defendant *Wright*, after remarking that *Dorimus* and *Wilbur*, who sold the goods, in their own name, were to be regarded as the creditors, so that the debt stands as being due from one citizen of *New-York* to another, contended, 1. That the judicial decisons and acts of a foreign country are to be respected in our courts, upon general principles. *Griswold* & al. v. *Pitcairn*, 2 *Conn. Rep.* 85. *Potter* & al. v. *Brown*, 5 *East* 124. *Burrows* v. *Jemino*, 2 *Stra.* 733.

2. That the records and judicial proceedings of one of the *United States*, are to have the same effect in the courts of evry other state, as in that from whence they are taken, by the acts of Congress. 2 *Laws U. S.* 102, 3. 3 *Laws U. S.* 621.

3. That from these positions it follows, as a necessary consequence, that the discharge, granted in the courts, and pursuant to the laws, of *New-York*, which would effectually protect the body of the insolvent from arrest in that state, would

also protect his body from arrest in this state.    The discharge places the insolvent upon the same ground as though the plaintiff had stipulated never to cause the insolvent's body to be arrested for this debt ; and this stipulation had been confirmed, by a judicial decision.    Such effect has been given, in *Pennsylvania,* to discharges granted in other states.    *Millar* v. *Hall,* 1 *Dall.* 229.    *Harris* v. *Mandeville,* 2 *Dall.* 256. And Judge *Washington,* sitting in the circuit court of the *United States* for the district of *Pennsylvania,* has, since the decision in *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 122. given en the same effect to a similar discharge.    *Sergeant* v. *Pitkin, April,* 1819. MS. (*a*)    Nor is the principle recognized by these decisions, a novel one, or peculiar to this country.    *Melan* v. *The Duke de Fitzjames,* 1 *Bos.* & *Pull.* 138.

*T. S. Williams* and *W. W. Ellsworth,* contra, contended, 1. That if the right of imprisonment is a part of the *contract,* then the insolvent law of *New-York,* is unconstitutional and void, in relation to that right, as well as in relation to a right of recovery : in both cases, it equally impairs the obligation of the contract.

2.  That if the right of imprisonment constitutes no part of the contract, but belongs to the *remedy* only, then the right, such as it is, must be controuled by the law of the state in which the remedy is sought.    By the law of *Connecticut,* the plaintiff's remedy to enforce a judgment, is an execution against the body, as well as the estate, of the debtor.    *Robinson* v. *Bland,* 2 *Burr.* 1082.    *Imlay* v. *Ellefsen,* 2 *East* 453. *Smith* v. *Spinolla,* 2 *Johns. Rep.* 198.    *White* v. *Canfield,* 7 *Johns. Rep.* 117.    *Pearsall* & al. v. *Dwight* & al. 2 *Mass. Rep.* 84.    *Prentiss* & al. v. *Savage,* 13 *Mass. Rep.* 25.

(*a*)  *Sergeant* v. *Pitkin, cor.* circuit court  *U. S. Pennsylvania* district, *April,* 1819.

A suit being instituted against *W. Pitkin,* and his body being arrested, he gave bail to the marshall, for his appearance at the return of the writ.

At the meeting of the court, *Chauncey,* as counsel for the defendant, moved for, and obtained a rule on the plaintiff, to shew his cause of action ; and also, to shew cause why the defendant should not be discharged, on common bail, upon the ground that he had been discharged under the insolvent law of the state of *New-York.*   These rules came to a hearing, on the 27th of *April,* 1819 ; and it appearing to the court, that the debt sworn to, by the plaintiff, was created in *New-York,* and that the plaintiff, at the time, was a citizen of that state, the defendant was discharged upon common bail. MS.

*Hartford,*
June,
1821.

*Woodbridge*
*v.*
*Wright.*

*Hartford,*
*June,*
*1821.*

Woodbridge
*v.*
Wright.

PETERS, J. In 1816, the defendants, residing in *New-York,* purchased the plaintiff's goods of his factors, *Dorimus* and *Wilbur.* In 1817, the defendant, *Wright,* was discharged, under the insolvent laws of that state. *Dorimus* and *Wilbur* received a dividend on the debt, but refused to sign the discharge, and then made known, for the first time, that the goods were the plaintiff's. The defendant, *Wright,* coming into this state, was sued by the plaintiff; and the question now is, whether on judgment being rendered, execution shall be issued against his body and estate, or against his estate only.

It is a well settled principle, universally admitted, that contracts are to be construed according to the *lex loci contractus,* but enforced according to the *lex fori*—that is, the validity and legal effect of contracts are to be tested, by the law of the country where they are made ; but the remedy for a violation of those contracts, is to be regulated by the law of the country where it is sought. This distinction is not peculiar to the common law, but is found in other municipal codes, which adopt the civil law as their basis. " *Pour tout ce qui concerne l'ordre judiciare,*" says *Emerigon,* " *on doit suivre l'usage du lieu ou l'on plaide, mais pour ce qui est de la decision du fon, on doit suivre, en regle generale, les loix du lieu ou le contrat a ete passe.*" *Traite des Assurances,* cap. 4. " *Præscriptio et executio,*" says *Huberus,* " *non pertinent ad valorem contractus, sed ad tempus et modum actionis instituendœ, adeoque recepta est optima ratione, ut in ordinandis judiciis, loci consuetudo ubi agitur, etsi de negotio alibi celebrato, spectetur.*" *Prælec. de Conflictu Legum.* vol. 2. lib. 1.

This distinction, I admit, has not always been regarded in *England.* In the case of *Melan* v. *The Duke de Fitzjames,* 1 *Bos. & Pull.* 138. upon a contract made in *France,* where the defendant was liable to an action *in rem,* but not *in personam,* being arrested in *England,* was discharged on common bail, by a divided court, on the ground that the case was governed by the *lex loci contractus.* A similar decision was lately made by *Washington,* J. in *Sergeant* v. *Pitkin,* in the circuit court of the *United States* in *Pennsylvania* district, *April* term, 1819. But with all my respect for that learned Judge, I cannot reconcile it with the decision of the supreme court in *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 122. But the case of *Melan* v. *The Duke de Fitzjames* is not now considered as law in *Eng-*

*land.* It was denied by Lord *Ellenborough,* in *Imlay* v. *Ellefsen,* 2 *East* 453. who considered the opinion of *Heath,* J. as law. This opinion was adopted, by the supreme court of *New-York,* in *Smith* v. *Spinolla,* 2 *Johns. Rep.* 198. in the case of a *Portuguese* debtor, upon a contract made in *Madeira,* where he was not liable *personally.* "If" say the court, "a foreign creditor pursue his debtor here, he is entitled to the more efficacious remedy provided by our law, for the recovery of his debt." The same point was decided, by the same court, in *Sicard* v. *Whale,* 11 *Johns. Rep.* 194. in relation to a debtor discharged under the insolvent law of *Pennsylvania ;* and recognized in *White* v. *Canfield,* 7 *Johns. Rep.* 117. where the defendant, under the insolvent law of *Connecticut,* had obtained a discharge from imprisonment. " But," say the court, " it is limited in its object, and local in its effect."

This distinction has often been recognized, in the application of statutes of limitation. Thus, in *Nash* v. *Tupper,* 1 *Caines* 402. the statute of *New-York,* (the place of trial,) was holden to be a bar to an action on a note executed in *Connecticut.* In *Pearsall* & al. v. *Dwight* & al. 2 *Mass. Rep.* 84. in an action on a note, made in *New-York,* but sued in *Massachusetts,* a plea of the statute of *New-York* was over-ruled. " The form of the action," said the court, " the course of judicial proceeding, and the time when the action may be commenced, must be exclusively directed, by the laws of this commonwealth." The same point was recently, and unanimously, decided, by this court, in *Medbury* v. *Hopkins, ante* 472.

The validity and legal effect of this contract are not now to be questioned : it has passed *in rem judicatam.* And it has been often decided, that the insolvent laws of the several states, so far as they profess to impair or discharge the obligation of contracts, are repugnant to the constitution of the *United States,* and are, therefore, void. *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 122. *Mc Millan* v. *Mc Neill,* 4 *Wheat. Rep.* 209. *The Farmers' & Mechanics' Bank* v. *Smith,* 6 *Wheat. Rep.* 131. *Smith* v. *Mead, ante* 253. *Hammett* & al. v. *Anderson* & al. *ante* 304. *Medbury* v. *Hopkins, ante* 472.

Is an execution part of the obligation of the contract, or of the remedy ? I answer in the language of Chief Justice *Marshall :* " The distinction between the obligation of a contract and the remedy given by the legislature to enforce that obligation, exists in the nature of things. Without im-

*Hartford,*
*June,*
*1821.*

Woodbridge
*v.*
Wright.

pairing the obligation of the contract, the remedy may be modified, as the wisdom of the nation shall direct. Confinement of the debtor may be a punishment for not performing his contract, or may be allowed as a means of inducing him to perform it ; but the state may refuse to inflict that punishment, or may withhold this means, and leave the contract in full force. Imprisonment is no part of the contract ; and simply to release the prisoner, is not to impair its obligation." *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 200.

Had this question arisen in *New-York,* execution must have been issued against the estate of the debtor only ; because it is part of the remedy, and governed by the *lex fori,* which every state has a right to prescribe within its own limits, but no further. *Sturges* v. *Crowninshield,* 4 *Wheat. Rep.* 122. *Mather* v. *Bush,* 16 *Johns. Rep.* 233. *Roosevelt* v. *Cebra,* 17 *Johns. Rep.* 108. *Post* v. *Riley,* 18 *Johns. Rep.* 54. But " here the creditor is entitled to the more efficacious remedy provided by our law for the recovery of his debt ;" and the discharge, though void as to the obligation of the contract, and valid as to the liberation of the person of the debtor, " is limited in its object, and local in its effect." Execution must, therefore, issue, as usual, against the estate and body of the defendant.

CHAPMAN, BRAINARD, and BRISTOL, Js., were of the same opinion.

HOSMER, Ch. J. was not present, when the case was argued ; but being afterwards furnished with a statement of the case, and the briefs of counsel, he concurred in the opinion expressed by his brethren.

Execution to issue in common form.