### ATWATER's administrator *against* TOWNSEND.

The principle that the remedy for the breach of a contract is to be governed by the *lex fori*, without regard to the *lex loci contractus*, is applicable to statutes of limitation and of protection from arrest. It was, therefore, held, that neither the statute of limitations, nor a discharge under the insolvent law of another state, would avail, as a defence, or as a protection from arrest, in this state, although the debt was contracted, and the debtor lived, in the former state.

This was an action of *assumpsit* against the defendant, as the acceptor of a bill of exchange; commenced in 1819, and tried in the superior court, at *New-Haven, August* term, 1820, before *Hosmer*, Ch. J.

In *November*, 1810, the defendant, then, and for more than eight months afterwards, an inhabitant of the city of *New-York*, stated an account with the plaintiff's intestate, a citizen of *New-Haven*, in *Connecticut*, in which he acknowledged a balance due of 761 dollars. The plaintiff's intestate, in the same month of *November*, drew a bill of exchange, for this sum, dated at *New-Haven*, on the defendant in *New-York*, payable to *Elnathan Atwater* of *New-Haven*, in sixty days; which was accepted by the defendant, and was subsequently dishonoured. The bill was returned, by the payee, to the plaintiff's intestate, and was paid by him in *Connecticut*. The defendant was afterwards discharged, under the insolvent law of *New-York*, passed *April* 3rd, 1811. It also appeared, that by the statute of limitations of the state of *New-York*, the plaintiff was barred of maintaining any action, in the courts of that state, on the bill of exchange, or on the account stated, after the lapse of six years from the time the cause of action accrued. Upon this statement, the defendant claimed, that the plaintiff was not entitled to recover. But the judge decided, that the plaintiff was entitled to recover; and rendered judgement accordingly, in the common form. To this decision the defendant excepted, and moved for a

*New-Haven,*
*July,*
1821.

Whiting
*v.*
Stevens.

*New-Haven,*
*July,*
*1821.*

Atwater
*v.*
Townsend.

new trial. The questions of law arising on such motion, were reserved for the advice of all the Judges.

*Daggett* and *Staples*, in support of the motion, contended, 1. That the insolvent law of *New-York* was constitutional, and of course valid, in that state, so far as it purported to discharge the body of the debtor from liability to imprisonment. *Golden* v. *Prince*, 5 *Hall's Am. Law Journ.* 506. 4 *Wheat. Rep.* 199. The validity of the statute of limitations is unquestionable.

2. That the same effect will be given to the insolvent law, and the statute of limitations, of *New-York*, when used by way of defence, in our courts, as would be given to them in the courts of *New-York.* 2 *Laws U. S.* 102, 3. *Griswold &* al. v. *Pitcairn*, 2 *Conn. Rep.* 85.

*R. S. Baldwin*, contra, contended, 1. That the *lex loci contractus*, in this case, was the law of *Connecticut*, where the creditor resided, and where the money was to be paid. A tender could not have been made any where else. The plaintiff's testator, having never resided in *New-York*, is not bound by the laws of that state. *Baker* v. *Wheaton*, 5 *Mass. Rep.* 509. *Watson* v. *Bourne*, 10 *Mass. Rep.* 337.

2. That if the contract were to be governed by the laws of *New-York* then existing, the plaintiff's intestate could not be affected in his rights, by a law subsequently passed, and to which he was in no sense a party.

3. That insolvent laws and statutes of limitation do not relate to the contract, but to the *remedy*, which is governed exclusively by the laws of the state where that remedy is sought. *Hub. vol.* 2. *lib.* 1. *tit.* 3. cited 3 *Dall.* 370 & seq. *Pearsall* & al. v. *Dwight*, 2 *Mass. Rep.* 84. *Nash* v. *Tupper*, 1 *Caines* 402. *Smith* v. *Spinolla*, 2 *Johns. Rep.* 198. *Imlay* v. *Ellefsen*, 2 *East* 455. *per* Lord *Ellenborough. Sicard* v. *Whale*, 11 *Johns. Rep.* 194. If the remedy for enforcing the performance of a contract, by the imprisonment of the debtor, formed part of the contract itself, then a law protecting the debtor from such imprisonment, would, as impairing the obligation of the contract, be unconstitutional and void.

Hosmer, Ch. J. In *Medbury* v. *Hopkins*, 3 *Conn. Rep.* 472. it was determined, by this Court, that although in the construction of a contract, reference must be had to the place where it was made; yet with regard to the remedy upon it, *that* must be governed by the laws of the state where it is sought. On

this principle, the statute of limitations of the state of *New-York* was adjudged to be of no avail; and in the point of determination, that case was precisely like the one before the court. This question has often been decided, and must be considered as at rest. *Pearsall* & al. v. *Dwight*, 2 *Mass. Rep.* 84. *Smith* v. *Spinolla*, 2 *Johns. Rep.* 198. *Sicard* v. *Whale*, 11 *Johns. Rep.* 104.

The other point raised in the case was determined in *Woodbridge* v. *Wright* and *Canfield*, 3 *Conn. Rep.* 523.; and execution must issue in common form.

The other Judges were of the same opinion, except BRAIN-ARD, J., who being absent, gave no opinion.

New trial not to be granted.

The principle that the remedy for the breach of a contract, is to be governed by the *lex fori*, without regard to the *lex loci contractus*, is applicable to the form of an execution to be issued on a judgment recovered. Therefore, where a creditor recovered judgment in this state, on a contract made in the state of *New-York*, by parties there residing, from which the debtor had obtained a discharge, under the insolvent law of the latter state; it was held, that notwithstanding such discharge, the creditor was entitled to an execution against the body and estate of the debtor.