SMITH *against* HEALY.

The principle that the remedy for the breach of a contract, is to be governed by the *lex fori*, without regard to the *lex loci contractus*, is applicable to the form of an execution to be issued on a judgment recovered. Therefore, where a creditor recovered judgment in this state, on a contract made in the state of *New-York*, by parties there residing, from which the debtor had obtained a discharge, under the insolvent law of the latter state ; it was held, that notwithstanding such discharge, the creditor was entitled to an execution against the body and estate of the debtor.

This was an action of *assumpsit*, tried before the superior court, in *New-Haven* county, *January* term, 1821.

On the 20th of *November*, 1816, the defendant was discharged from the demand in the plaintiff's declaration, pursuant to the act giving relief in certain cases of insolvency, of the state of *New-York*, passed *April* 12th, 1813.    At the time of contracting the debt, which was subsequent to the 12th of *April*, 1813, and until after the discharge was obtained, the parties were inhabitants of the state of *New-York*.    The defendant claimed, that the discharge was effectual, in this state, to protect his body from imprisonment, on account of the plaintiff's demand.    This claim the plaintiff resisted ; and after judgment in his favour, prayed for execution against the defendant's body, as well as against his estate.    The court reserved the question for the advice of all the Judges.

New-Haven,
July,
1821.

Smith
v.
Healy.

*R. S. Baldwin*, for the plaintiff.

*Daggett* and *Hitchcock*, for the defendant.

HOSMER, Ch. J. This case is ruled by *Woodbridge* v. *Wright* and *Canfield*, 3 *Conn. Rep.* 523. and *Atwater* v. *Townsend*, ante 46.

I would advise the issuing of execution, in this case, against the body and estate of the defendant.

The other Judges were of the same opinion, except BRAIN-ARD, J., who being absent, gave no opinion.