Ewing, C. J.
The defendant having been arrested on a capias ad respondendum, in an action on the case for goods, wares and merchandise, sold and delivered, as appears by the affidavit for bail, has applied to be permitted to file common bail, upon the ground that since the making of the contract, he has been discharged from imprisonment, under an act previously passed for *209 the relief of insolvent debtors, in the state of New-York, where the debt was contracted, and where both parties resided at the time of the contract and of the discharge.
The effect of the discharge of an insolvent debtor, and the protection which such discharge is to afford to him in a different state from that in which the discharge was obtained, have been the subjects of much discussion and diversity of opinion in the state judicatories, and perhaps more than any other questions have divided and embarrassed the Supreme Court of the United States. These difficulties have, however, chiefly arisen, where the debtor has been by the terms of the legislative acts discharged from his debts. When the discharge has been simply from actual confinement and future imprisonment for debts previously contracted, much less of doubt or controversy has occurred j and whatever may have once existed, must, it is presumed, be dissipated by the reasoning and decision in Sturges v. Crowninshield, 4 Wheat. 197. By that case the distinction between the contract and the imprisonment, between the obligation of the contract, and the means to enforce it was clearly settled. “ A contract” says Chief Justice Marshall, il is an agreement ire which a party undertakes to do or not to do a particular thing» The law binds him to perform bis undertaking, and this is, of course, the obligation of his contract.” “ The distinction between the obligation of the contract, and the remedy given by the legislature to enforce that obligation, has been taken at the bar, and exists in the nature of things. Without impairing the obligation of the contract, the remedy may certainly be modified as the wisdom of the nation shall direct. Confinement of the debtor, ¡may be a punishment for not perforating his contract, or may be allowed as a means of inducing him to perform it. But the state may refuse to inflict this punishment, or may withhold this means and leave the contract in full force. Imprisonment is no part of the contract, and simply to release the prisoner, does not impair its obligation.”
The distinction between the imprisonment and the contract, between the contract, and the means to enforce it, or in other words, the remedy upon if, being ascertained 5 the doctrine that the debtor may be released from confinement without impairing the obligation of the contract, but leaving it in full force being established 5 the application of the principles of the common *210 Saw which yield to the lex fori, the law of the country where the action is instituted, the regulation of the remedy and to determine when an arrest may take place, when imprisonment may be used to enforce the performance of a subsisting contract, is readily made. In Robinson v. Bland, 2 Burr, 1084, Justice Wilmot said, “ if a man originally appeals to the law of England, for redress, he must take his redress according to that law to which he has appealed.” In Holman v. Johnson, Cowp. 343, Lord Mansfield said, “ every action' tried here must be tried by the law of England.” In Maulé v. Murray, 7 T. R. 407, a person who had been arrested in New-York, having been afterwards arrested, for the same cause of action in England, the Court of King’s Bench were of opinion they ought not. to take judicial notice of an arrest in a foreign country, and that it would be unjust to deprive the plaintiffs of perhaps the only security they had for the payments of their debt; and refused to discharge the defendant on common bail. In Duplein v. De Roven, 2 Vern. 540, the statute of limitations of England, was held tobe pleadable there to an action founded on a contract made in France between parties resident there. In Melan v. Fitzjames, 1 B. & P. 138, an application was made to discharge on common bail, a defendant who bad been arrested upon a contract made in France, which by the law of that nation was considered as not affecting the person. Two of the judges held that the defendant must be discharged on common hail. The other Judge, Heath, said that “in construing contracts, we must be governed by the law of the country in which they were made, but when we come to remedies it is another thing; they must be pursued-by the means which the law points out where the party resides.” The opinion of Heath has been since recognized to be the sound legal doctrine, in the case of Imlay v. Ellefsen, 2 East 453. In the case of Ogden v. Saunders, 12 Wheat, 285, the following remarks were made by Justice Johnson — “ Whenever an individual enters into a contract, I think his assent is to be inferred to abide by those rules in the administration of justice, which belong to the jurisprudence of the country of the contract. And when compelled to pursue his debtor in other states, he is equally bound to. acquiesce in the law of the forum to which he subjects himself. The law of the contract, remains the same in every tribuna!, but the remedy necessarily varies.”
*211 According io these principles then, when a creditor comes here with a fair, valid, subsisting demand, and especially one on which no judicial act has yet passed, the method whereby that demand is to be enforced here, and consequently whether by imprisonment of the debtor or otherwise, is to be determined not by the law of the state where the demand originally occurred, but by our institutions. One state may properly say, we will ¿rot subject the person of the debtor to restraint on this contract,, out it does not therefore follow, the contract remaining wholly aoimpaired, that another state may not enforce it by means of imprisonment. A few instances may serve for illustration. If imprisonment for debt were abolished in this state, a creditor from another state, would ask io vain to arrest his debtor here! because it might be done where the debt #as contracted. In one of the states, real property cannot be sold on execution for the payment of debts 5 in another, it must lie taken by the creditor at an appraisal5 and in another, it is extended and the creditor Is to be satisfied out of the rents and profits $ but the remedy afforded here to the creditor, would be by absolute sale of the debtor’s real property, although the contract was made in either of those states. In Massachusetts, a creditor may cause tho goods of his debtor, though not absent or obsconding, to be attached at the commencement of a suit, yet he could have n© such remedy in New-Jersey, although the contract had beets made in the former state.
A brief view of the leading decisions in several of the states., on the question under consideration, could not be unprofitable, In Smith v. Spinola, 2 John. 198, both parties resided in Madeira, and the debt was contracted there. By the law of Portugal extending to that island, the body of the debtor could not be arrested either before or after judgment, and the defendant io this suit moved to have an exoneretur entered on the bail piece. It was refused. The court said, “ the remedy must be pursued according to the laws of the country in which the action was brought. If a foreign creditor pursued his debtor here, he is entitled i© the more efficacious remedy provided by our laws for the recovery of debts.” In White v. Canfield, 7 John. 117, to debt on a judgment 3o the Supreme Court of Connecticut, the defendant pleaded a discharge under the insolvent act of that state, by which, ©a snaking an assignment. be obtained a certificate which- *212 should operate to protect his person. The defendants resided in Connecticut; the plaintiff in NeW-York, where the cause of action arose. The court said, “ the certificate granted to the defendant in Connecticut, was not a discharge from the debt but, only from imprisonment. It was therefore limited in its object and local in-its effect, and the discharge was no, bar to an action ¡on the judgment.” In Sicard v. Whale, 11 John. 194, the debt was contracted in Pennsylvania. Both parties resided there. The defendant obtained there a discharge under the insolvent law of that state from imprisonment, and from all liability of his person for any debt, before that time contracted. The plaintiff at the lime of the discharge, and of the commencement of the suit in New-York, was .a resident of Pennsylvania. The-court refused to order an exoneretur; and Thompson, C. J. said : “ It is impossible to distinguish this case from that of Smith v. Spinola. That case was decided on a sound principle, that if a foreign creditor pursues his debtor here, he is entitled to the remedy provided by our laws. We look only to the course of proceeding established in our own courts.” In Peck v. Hozier, 14 John. 346, judgment having been obtained in Boston, on a debt contracted at Barbadoes, execution was issued, the defendant was imprisoned and was discharged as an insolvent debtor. Being afterwards arrested in New-York, he was discharged on common bail by the recorder, on the ground of having been formerly arrested and imprisoned for the same cause. But the Supreme Court vacated the recorder’s order saying, that “ the discharge in Massachusetts was localonly, and of the person, not of the debt; thaf the plaintiff was entitled to the remedy which the laws of New-York afforded, and that they did not in that respect, take notice of an arrest abroad or in another state.” In Whittemore v. Adams, 2 Cowen 626, to an action on promissory notes made at Alexandria, in the district of Columbia, the defendant pleaded a discharge under the act of Congress for the relief of insolvent debtors, within the district of Columbia. - A genera! judgment was rendered for the plaintiff. The court said, “ giving to this discharge, all the effect which can possibly be claimed under the act of Congress, it does not operate on the contract, hut merely on the mode of enforcing it. It is a personal discharge of the defendant, nothing more, and must from its very nature be confined to the district of Columbia.” u A long tin- *213 broken series of decisions have denied any effect to these personal discharges, beyond the bounds of the state where they are granted.” In Hinkley v. Marean, 3 Mason 88, to an action on a bill of exchange accepted by the defendant at Baltimore, he pleaded the statute of insolvency of Maryland, whereby the defendant then being an inhabitant of that state was discharged on the 3d September 1819. Justice Story said s “ so far as they £the acts of Maryland] authorise a discharge of the person, estate or effects of the insolvent, before the 3d of September 1819, they are merely local, and can have no authority here. They are addressed to the lex fori. The present suit is to be decided by the law of Massachusetts ; and a discharge of the person of the debtor in another state, which leaves the contract in full force has no effect to discharge the person here. No court gives effect to the local laws of another state in respect to the forms or force of process. When the right exists, the remedy is to be pursued according to the lex fori where the suit is brought.” la Pearsall v. Dwight, 2 Mass. 84, Parsons, C. J. said, “ the party claiming the benefit of the note in this case, [which had been, made in New-York where the plaintiff resided] has sued it originally in a court of this state. The law of the State of Now-York will therefore be adopted by the court in deciding on the nature, validity and construction of this contract. Thus we arc obliged to do by our own laws. So far, the obligation of comity extends, but it extends no farther. The form of the action, the course of judicial proceedings and the time when the action may he commenced, must be directed exclusively by the laws of this commonwealth. These are matters not relating to the validity of the contract.” In Blanchard v. Russel, 13 Mass. 4, Parker, C. J. said: “ the rule [that contracts are to be construed and interpreted according to the laws of the state in which they arc made] does not apply to the process by which a creditor shall attempt to enforce his demand in the courts of a state, other than that in which the contract was made. For the remedy must be pursuant to tbe laws of the state, where it is sought otherwise, great irregularity and confusion would be introduced into the forms of judicial proceedings.” In Woodhridge v. Wright, 3 Conn. Rep. 523, the question was, whether upon a judgment for the plaintiff for goods sold and delivered in New-York by his agents to the defendant, who was afterwards discharged from *214 imprisonment under the insolvent law of that state, the execution should issue against the body of the defendant, or against his goods and estate only. The court held, that the execution should go against body and estate ; and Peters, J. in delivering their opinion said, “ It is a well settled principle^ universally admitted, that contracts are to be construed according to the lex loci contractus, but enforced according to the lex fori, that is, the validity and legal effect of contracts are to be tested fay the law of the country where they are made, but the remedy for a violation of those contracts, is to be regulated by the law of the country where it is sought. In Atwater v. Townsend, 4 Conn. Rep. 47, the defendant was sued as the acceptor of a bill of exchange in New-York, where he resided, and was afterwards discharged under the insolvent law. The plaintiff resided in New-Haven. On the trial, the judge decided that the plaintiff was entitled to recover. The question was reserved for the-ad vice of all the judges in the Supreme Court of Errors, where the counsel of the defendant insisted, that the same effect should he given to the insolvent laws of New-York, when used by way of defence as would be given to them in that state. But the Supreme Court of Error was of a different opinion, and advised that judgment should be given for the plaintiff, and Hosmer, C. J. said “ The question had been often decided and must be considered as at rest.” In Smith v. Healey, 4 Conn. Rep. 49, the defendant had been discharged pursuant to the act giving relief in certain cases of insolvency of the state of New-York, passed on the 12th of April 1813. At the time of contracting the debt which was subsequent to the act and until the discharge was obtained, the parties were inhabitants of the state of New-Yorh The defendant claimed that the discharge was effectual in the state of Connecticut, to protect bis body from imprisonment on account of the plaintiff’s demand. This claim, the plaintiff reristed and after judgment in his favor, prayed for execution against the defendant’s body as well as against his estate. The court reserved the question for the advice of all. the judges, who decided, that execution should issue against both body and es- • tate of the defendant.
It will be seen that in the foregoing cases no distinction prevailed on account of the place where the contract was made, or where the parties resided at the time of the contract or discharge-
*215 In Pennsylvania, in the ease of James v. Allen, 1 Dall. 188, the earliest reported decision in this country, on the subject appears to have been made. A discharge from imprisonment under the insolvent law of New-Jersey, was held insufficient to protect the debtor from imprisonment in Pennsylvania, even w’nen the debt on which he had been imprisoned in New-Jersey, was the same for which he was sued in Pennsylvania. The court said c Si The local laws of another country with'regard to the release of the debtor from confinement, cannot have the effect of restraining os from proceeding according to our own laws here. Insolvent laws have never been considered as binding out of the limits of the states that made them.” The case of Millar v. Hall, 1 Dall. 229, was afterwards decided. The plaintiff resided in Philadelphia, the defendant in Maryland, where the money for which the action was brought was paid to him. The original agreement un» der which they acted was made in Philadelphia, where the money was to be paid. The defendant obtained a discharge under the insolvent law of Maryland, and being arrested in Pennsylvania and held to bail, an exoneretur was, on his application,ordered to be entered on the bail piece. Whether in this case the discharge was ef the debt, or only of the person from imprisonment, stands in doubt. The counsel in arguing said the act worked no extinguishment of the debt, but left ail future acquisitions of property liable to creditors. But in Walsh v. Nourse, 5 Binney 383, Binney arguendo said, “ In Millar y. Hall, and the other cases ruled by it, the discharge was under a bankrupt law which wiped off the debt.” Other cages were subsequently decided expressly on the strength of that case. Thompson v. Young, 1 Dall. 294. Donaldson v. Chambers, 2 Dall. 100. Hilliard v. Greenleaf, 5 Binney 336, note. The rale now establish* ed in Pennsylvania is, to extend the same courtesy to other states, as such other states shew to them ¡ to pay the same regard, and give the same effect to a discharge under the insolvent laws of any other state, as the courts of such state would do to discharges under the insolvent laws of Pennsylvania. Smith v. Brown, 3 Binney 201. And this rule seems to prevail, rather from a cautious adherence to precedents than from an entire conviction of its soundness. In Walsh v. Nourse, 5 Binney, 385, Ch. Just. Tilghman said, that not without considerable reluctance, he had thought himself bound by former decisions, that is. *216 bound to pursue the principle of reciprocity; and that if the matter were to be taken up anew, he should be for adhering to what he considered the true principle.
In coming to the conclusion, which I conceive to be proper on this occasion, the^reatest difficulty, indeed the only serious one I have met with, is the case of Stevenson v. Rowland, decided in this court, 1 Holst. 149, which must be admitted to be strongly in point, in support of the defendants1 motion. Unhappily the reasons of the court, from which we might learn the ground of the decision, are not given. In departing from it however, I feel less hesitation, because the case of Sturges v. Crowninshield was not submitted to their consideration, and because one of the members, who then composed the court, on another occasion, laid down the following doctrine : “.Every state may pre» scribe the mode of administering justice within itself. It may say that the debtor shall not be imprisoned, or if imprisoned that he shall be discharged from his imprisonment. The commonwealth of Pennsylvania might therefore fairly discharge this defendant from the imprisonment of his person, for the imprisonment itself is but the mere mode of enforcing the contract, and no part of the contract itself. But then this discharge, of the person can have no force, but within the limits of the commonwealth, for the contract still remaining unimpaired and in its full force, either the state of Maryland, or any other sovereignty, will carry it into effect according to its own mode of administering justice, the discharge in Pennsylvania notwithstanding.11 Vam uxem v. Hazlehurst, 1 South. 202.
In deciding this matter in a summary way, on rule to shew cause, it is satisfactory to reflect that the defendant need not, as in ordinary cases, be deprived of an opportunity to review, if he thinks proper, our opinion, since he may plead his discharge and thus place the question on the record.
Justices, Foro and Drake, concurred.
Let the rule to shew cause be discharged.