Mr.. Justice WOODBURY.
The judgment which has just been pronounced meets with my concurrence ; but I have the misfortune to differ as to some of the views, that have been expressed in rendering it. ,
Asa -matter' of fact, the merchandise which is set out as the ground of action in the declaration in this case was sold in New'. York, by a citizen resident and doing business there, and th'é note given for it and offered in evidence was delivered to him there. Consequently, in. point of law, the contract must be deemed, a foreign one, or, in common parlance, a New York, and not a Maryland, contract. 6 Peters, 644; 3 Wheat. 101, 146; 3 Met. 207; 3 Johns. Ch. 587.
*315 The lex loci contractus, which must govern its construction and obligations, is therefore the law of New York, unless on its face the contract was to be performed elsewhere. This is the rule in'almost every country which possesses any civilized jurisprudence. 16 Johns. 233; 3 Caines, 154; Story on Bills of Exchange, §§ 146, 158, 168; 2 Barn. & Ald. 301; 1 Barn. & Cres. 16; Story’s Confl. of Laws, §§ 272-329; 5 Clark & Fin. 1 - 13; 13 Mass. 1; 6 Cranch, 221; 6 Peters, 172; 7 ibid. 435; 8 ibid. 361; 13 ibid. 65; Peters’s C. C. 302; 4 Dall. 325; Baldwin’s C. C. 130, 537; 2 Mason’s C. C. 151. See more cases, in Towne v. Smith, 1 Wood. & Min. 115.
As a question, tlj,en, of international law, without reference to any constitutional question, such a contract and its obligations cannot be affected by the' legislation of’bankrupt systems of. other States. It is understood that the whole court concur in the opinion, that this reasoning and these decisions would be sufficient to dispose of the present case without going into other questionable matters ; and, accordingly, no expression of approbation or disapprobation of former decisions'in this tribunál, concerning bankrupt discharges, seems to have been necessary on this occasion.
But as the majority of the court have deemed it proper to express some opinions upon them, it devolves on me the necessity of stating very briefly and very generally two or three of my own in relation to this subject, which in some respects do not accord with those of the majority.
What has been and what has not been decided heretofore in respect to the operation of insolvent and bankrupt discharges, in the various cases which have come before this, court, it is somewhat .difficult-to eviscerate, amidst so many conflicting and diversified views among its judges. But without going into an analysis of them now, and without stating in detail how' far my individual opinions coincide or differ with what is supposed to. have been adjudicated in each case, I would say, that, independent of-any binding precedents, the true rules, on this subject seem tó me to be these.
1. That the- States possess a constitutional right to pass laws, whether called insolvent or bankrupt, discharging contracts subsequently made, provided no concurrent legislation by Congress exists at the same time on the subject, and that such laws cannot be considered as impairing the obligation of contracts, which are made under and subject to them, and when Congress is expressly empowered by the constitution to pass' similar laws. 12 Wheat. 23; Bronson v. Kinzie et al., 1 Howard, 311; 2 ibid. 612.
2.- That such laws are to be regarded as it a part of the subsequent contract, incorporated into it ; and hence, that the contract, being construed according to the lex loci contractus, should be discharged by a certificate of bankruptcy given to the obligor in the State where the contract was made and was to be performed. *316 And this whether the action on it is brought in that State or another, or in the courts of the United States or those of the States, and whether, the obligee reside in that State or elsewhere-. Considered ás a part of the contract itself, it is inseparable from it, and follows it into all hands and all places. 5 Mass. R. 509; 13 ibid. 4; 13 Pick. 60 3 Burge’s Col. & For. Laws, 876 ; 3 Story’s Conflict of Laws, §§ 281 -284; 2 Kent’s Com. 390 ; 2 Mason’s C. C. 175; Towne et al. v. Smith, 1 Wood. & Min. 115. And though in other States and in other, forums it may be. a matter of comity merely, in one sense of the word,- to respect and enforce foreign contracts and their obligations, yet courts will always do it as right whenever the contracts'are valid at homeland, not immoral or against public policy-elsewhere. 1 Dall. 229; 3 ibid. 369; Story’s Confl. of Laws, §§ 331 —335 ; 3 Burge’s Col. & For. Laws, 876, 925 ; 2 Kent’s Com. 392 ; 4 D. & E. 182 ; 5 East, 124; 2 Hen. Bl; 553; 1 Knapp’s P. C. 265; Adams v. Storey, Paine’s C. C. 79.
3. That the ancient State insolvent laws, which were often called here “poor debtor’s acts,’’ and in England “lord’s acts,” and usually discharged only the body from imprisonment, instead of the contract (2 Tidd’s Practice, 978; 6 D. & E. 366), were and still are constitutional, whether they apply to future or past contracts. Because they do not interfere at all with the debt due, the contract itself, or its obligations, but merely'the remedy on it, or the form of legal process, and thus they should govern in that respect no foreign forums, but merely its own courts, as the local and territorial tribunals who issue the precept or process. 4 Wheat. 112, 122, 209; 6 ibid. 131; 12 ibid. 213, 272; 2 Kent’s Com. 392; Adams v. Storey, Paine’s C. C. 79; Campbell et al. v. Claudius, Peter’s C. C. 484; 4 Wash. C. C. 424.
Without feeling justified on this occasion in going more at large into these questions, and some others of an interesting character connected with them, I may be permitted to add, that these rules ■seem to me to have in their favor over some others at least this, merit. They give ¡full effect to State powers and State rights over this important matter, when not regulated by Congress. They produce uniformity among the' State and the United States courts. They conform to the practice in other countries, and are easily understood and easily enforced.

Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States-for the-District of.Maryland, and was argued by counsel; on consideration whereof, it is now here ordered and, adjudged by this-court, that '¿he judgment of the said Circuit Court in this cause be and the-same is hereby affirmed, with costs and damage's, at the rate of six per centum per annum.