## STEPHEN JEWETT *vs.* PHILIP A. LOCKE.

*It seems*, that under *St.* 1852, *c.* 312, §§ 21, 22, inconsistency in defences set up in the answer can be taken advantage of only by demurrer.

To an action for false imprisonment by arresting the plaintiff on two writs for the same cause of action, the answer does not set up inconsistent defences, within *St.* 1852, *c.* 312 § 20, by denying the allegations of the declaration, and averring that, if the plaintiff was arrested on two writs as alleged, he was rightfully arrested, because the first action was discontinued by reason of his representations, and notice given him of the discontinuance, before the commencement of the second action.

During the trial of an action for wrongfully arresting the plaintiff on two writs for the same cause of action, the second of which, after default, now stood continued for judgment, the court struck off the continuance and gave judgment on the default, and allowed the defendant in the action on trial to introduce the record of that case to show that the two former actions were not for the same cause. *Held,* that the plaintiff in this action had no ground of exception.

A notice of the discontinuance of a civil action may be given in behalf of the plaintiff by the officer who served the writ.

A plaintiff, acting in good faith and with no intention to oppress the defendant, may, on finding that the bail taken in a civil action is insufficient, discontinue it, and arrest the defendant again on a second writ for the same cause of action.

ACTION OF TORT for false imprisonment. The declaration alleged that Locke caused Jewett to be arrested on a writ in a civil action, and Jewett gave bail, and was discharged; and Locke, on the next day, well knowing the fact of the prior arrest, wrongfully caused him to be arrested again on a second writ for the same cause of action.

The answer denied all the allegations of the declaration; and averred that, if Jewett was arrested on two writs, as alleged, he was rightfully arrested; that the first action was discontinued, and notice of the discontinuance given to Jewett, before the commencement of the second action; and that the discontinuance of the first action was made necessary by reason of the insufficiency of the bail which was procured to be taken by the false and fraudulent representations of Jewett.

At the trial in the court of common pleas, before *Perkins, J.,* the plaintiff, after reading the declaration and answer, and before opening his case to the jury, suggested to the court that the answer set up two inconsistent defences; and moved that the

defendant be required to elect upon which he would rely. But the court refused to grant the motion at that stage of the case.

The plaintiff introduced evidence tending to show that the two writs upon which he was arrested were for the same cause of action; that the second was duly entered in the court·of common pleas; that he, not appearing therein, was defaulted, and the case continued for judgment, and so stood upon the docket at the time of the trial of the present case, when, upon motion of Locke, the court, against the objection of Jewett's counsel in this case, ordered the continuance to be stricken off, and judgment entered upon the default.

The defendant now offered the bill of particulars and the record of the judgment in that action, as evidence of the identity of the two causes of action. The plaintiff objected, but the court admitted them.

The defendant introduced evidence tending to show that the sureties in the bail bond given in the first action were utterly insolvent at the time of giving bond, and that Jewett knew it; that Locke discontinued his first action, and notified Jewett thereof before the commencement of the second action. It appeared that this notice was given to Jewett through the constable who served both writs.

The plaintiff contended that the notice was insufficient, and could not be relied on here, " because it was illegal for the officer to do an act of this kind, under the statute and common law of the State." But the court ruled that the officer might serve such notice.

The court, among other instructions, directed the jury, " that it did not follow from the mere fact that there had been a second arrest of the plaintiff in this suit, upon a writ which included items sued for in the former writ, that the defendant would be liable in this action; that if the defendant, acting in good faith and with no view to oppress or injure this plaintiff, found that the bail bond taken in the former suit was worthless, he might discontinue his former suit, give notice thereof to the defendant in that suit, commence a second action, and make a second arrest; and if all this was done in good faith, with an

honest purpose to collect his demand, and with no view to ha-
rass, vex ,or injure the defendant in said first and second suits,
then the jury would be justified in finding a verdict for the de-
fendant." The verdict was for the defendant, and the plaintiff
alleged exceptions.

*H. M. Parker & H. G. Parker*, for the plaintiff.

*A. A. Ranney*, for the defendant.

THOMAS, J. 1. If the defences set up in the answer were in-
consistent, it would seem that the plaintiff should have availed
himself of the defect by way of demurrer. *St.* 1852, *c.* 312,
§§ 20, 21. *King* v. *Howard*, 1 Cush. 141.

But we do not perceive that the answer sets up two inconsist-
ent defences. It denies informally, (pursuant to *St.* 1852, *c.* 312,
§ 14,) the allegations of the plaintiff's declaration, to wit, that the
plaintiff was twice arrested for the same cause of action ; and
then says, (not formally and with precision, but in substance
and effect,) that, if it were so, the second arrest was made neces-
sary and legal by reason of certain acts of the plaintiff, which it
states. It is but saying to the plaintiff, " If you were twice
arrested for the same cause of action, (which we deny,) the
arrests were not, under the circumstances, illegal. If what you
say is true, it is not the whole truth, and, in the light of that,
the acts charged were justifiable."

We see no legal inconsistency between the parts of this an-
swer, much less distinct and inconsistent defences. Here is no
denial, and then confession and avoidance ; the facts stated in
the answer tend to show there never existed a cause of action,
because there was no false or illegal imprisonment or detention.
The defendant does not say, " You were illegally arrested, but
you have discharged or released the cause of action ; " but he
says, " Under the facts, the arrests were not illegal, and the
plaintiff had no cause of action." This first exception cannot
be sustained.

2. Nor can the second, for two reasons. The first is, that the
entering of the judgment in the former action, in which the
present plaintiff was defendant, was clearly right in itself ; and,
secondly, if it were not, it could be no ground of exception in

this suit. And that judgment, having been entered, was compe-tent evidence upon the question of the identity of the causes of action in the suits upon which the plaintiff was arrested.

3. We can see no objection to the service of the notice of the discontinuance of the first suit by the constable. There is noth-ing in the provisions of the statutes referred to by the plaintiff, (Rev. Sts. c. 14, § 79; c. 88, §§ 29, 30;) which at all conflicts with or forbids the performance of such duty by the constable.

4. The instructions of the learned judge to the jury are, it seems to us, subject to no just exception; but, on the other hand, state the rule which should govern the case with precision and clearness. See, among other cases, *Olmius* v. *Delany*, 2 Stra. 1216; *Turton* v. *Hayes*, 1 Stra. 439; *Bates* v. *Barry*, 2 Wils. 381; *Peck* v. *Hozier*, 14 Johns. 346.        *Exceptions overruled.*