NEW-YORK,<br>Nov. 1810.<br>WHITE<br>v.<br>CANFIELD.

Judgment for the plaintiff.

## WHITE *against* CANFIELD.

THIS was an action of debt on a judgment in the superior court of the state of *Connecticut*, of *February* term, 1808, for 100 dollars damages, and 50 dollars and 96 cents costs.

The defendant pleaded; 1. *Nil debet*; 2. Reciting the insolvent act of *Connecticut*, by which the insolvent may petition the supreme court, and assign over his property; and commissioners, appointed by the court, are authorized, on his making a full and just disclosure and assignment, to grant him a *certificate*, which shall operate to protect his person from arrest and imprisonment, for any debt due to any creditor named in his petition; the defendant averred, that being an inhabitant of *Connecticut*, and owing the said judgment, he did, on the 15th of *August*, 1809, petition, &c. that he was adjudged insolvent, and that the commissioners appointed, did, on the 1st of *September*, 1809, give him a *certificate*, stating, that he had made the due assignment; wherefore, he prayed judgment, &c.

*A discharge under the insolvent act of the state of Connecticut, by which the person of the debtor, is protected from arrest and imprisonment, for any debt due to any creditor named in the insolvent debtor's petition, is no bar to a suit brought by any such creditor against such debtor, in this state. Such discharge is limited to the person only, without discharging the debt; and is local in its effect.*

NEW-YORK,
Nov. 1810.

WHITE
v.
CANFIELD.

The plaintiff replied, protesting, 1. That the plea was bad in law ; 2. That no such proceedings were had, &c. and for plea said, that the cause of action, for which the judgment was rendered, arose in this state, where both the plaintiff and defendant resided; and that the plaintiff ever was and still is an inhabitant of this state ; that he did not appear, to oppose, or consent to the proceedings under the insolvent act in *Connecticut ;* nor was he party or privy thereto; and this he is ready to verify, &c.

To this plea there was a general demurrer and joinder ; and the same was submitted to the court, without argument.

*Per Curiam.* The certificate granted to the defendant, in *Connecticut,* was not a discharge from the *debt,* but only from imprisonment. It was, therefore, limited in its object, and local in its effect. The case of *James* v. *Allen,* (1 *Dallas,* 188.) is analogous; a discharge from imprisonment in *New-Jersey* was held to be no bar to a suit on the same demand in *Pennsylvania.* It is clearly no bar to an action here upon the judgment.

In the case of *Smith* v. *Spinolla,* (2 *Johns. Rep.* 198.) it was decided, that though it be shown that the body of the defendant could not be arrested in the foreign state, yet, if the debt be prosecuted here, the defendant must submit to the ordinary remedies, provided for the creditor by our law. Judgment must, accordingly, be for the plaintiff.

Judgment for the plaintiff.