## SICARD *against* WHALE.

Where the creditor and his *debtor* reside in another state, and the debtor there obtains his discharge under the insolvent law of that state, and is afterwards arrested, at the suit of the *creditor*, in this state, for the same debt, this court will not discharge the defendant from the arrest, on filing common bail, nor order an *exoneretur* to be entered on the bail piece.

FAY, for the defendant, moved that an *exoneretur* be entered on the bail piece filed in this cause. It appeared that the debt for which the present suit was brought, was contracted in the state of *Pennsylvania*, where the parties were at that time resident, and that the defendant, on the 27th *March*, 1812, obtained a discharge under the insolvent laws of that state, from imprisonment, and from all liability of *his person*, for any debts, before that time contracted. The plaintiff was, at the time of the defendant's obtaining his discharge, and still is, resident in *Pennsylvania*.

*Fay* cited *Smith* v. *Smith*, (2 *Johns. Rep.* 235.)

*Brackett*, contra, cited *Smith* v. *Spinolla*, (4 *Johns. Rep.* 198.) *White* v. *Canfield*, (7 *Johns. Rep.* 117.) *James* v. *Allen*, (1 *Dallas*, 188.) and *Pearsall* v. *Dwight*, (2 *Mass. T. R.* 84—89.)

THOMPSON, Ch. J. It is impossible to distinguish this case from that of *Smith* v. *Spinolla*. That case was decided on a sound principle, that if a foreign creditor pursues his debtor here, he is entitled to the *remedy* provided by our own laws. We look only to the course of proceedings established in our own courts. The *lex loci contractus* is not applicable on this motion. When the cause comes to issue, and the discharge is pleaded, it will be time enough to consider of its effect.

*Per Curiam.* Motion denied.