HICKS *against* BROWN.

A., residing at *New Orleans,* drew a bill of exchange in favour of C., an inhabitant of *Tennessee,* on B., of *Pennsylvania,* which was protested for *non-acceptance,* due notice of which was given to B. at *New Orleans,* who, afterwards, obtained a discharge from all his debts under the insolvent law of that state. In an action brought in this court by C. against B., it was held, that B's discharge was a valid defence. The discharge of a bankrupt or insolvent, operates according to the *lex loci,* on the contract where it was made, or is to be executed.

THIS was an action of *assumpsit* against the drawer of a bill of exchange. The bill was drawn at *New-Orleans,* on the 23d *July,* 1807, for 1,365 dollars, payable to the plaintiff or order, sixty days after sight, on *James Brown & Co.* of *Philadelphia.* The plaintiff was an inhabitant of the state of *Tennessee.* The bill was protested for non-acceptance, and due notice thereof given to the defendant, who resided at *New-Orleans,* where he had lived for several years before, and continued to reside, until he obtained his discharge as an insolvent debtor, under the laws of that place. The discharge was after the defendant had received notice of the dishonour of the bill, and by the laws of *New-Orleans,* such discharge exonerates the debtor from all debts previously contracted ; and in all the courts there, such certificate of discharge would completely exonerate the defendant from any suit or responsibility on account of the said bill, or any previous debt or demand. The defendant pleaded *non-assumpsit,* and his discharge under the insolvent act of *New-Orleans.* To the second plea, there was a general demurrer and joinder.

*S. Jones,* jun. in support of the demurrer.

*J. D. Fay,* contra. He cited *Robinson* v. *Bland,* (1 *Bl. Rep.* 25.) *Smith* v. *Smith,* (2 *Johns. Rep.* 242.) *Emery* v. *Greenough,* (3 *Dallas,* 369.)

PER CURIAM. The question is, whether the defendant can avail himself of his discharge here. It seems to be well settled, both in our own and in the *English* courts, that the discharge is to operate according to the *lex loci,* upon the contract where it was made or to be executed. The contract, in this case, originated in *New-Orleans ;* and had it not been for the circumstance of the bill's being drawn upon a person in another state, there could be no doubt but that the discharge would reach this contract ; and this circumstance can make no difference, as the demand is against the defendant, as drawer of the bill, in conse-

2

quence of the non-acceptance. The whole contract or responsibility of the drawer was entered into and incurred in *New-Orleans*. By the act of drawing the bill he became, conditionally, liable for the payment, and this condition was receiving due notice of the dishonour of the bill, and this notice was given to him in *New-Orleans*, where the bill was drawn, and where the defendant lived. The liability of the defendant was not complete upon the bare non-acceptance. It was consummated by the notice; so that the essential transactions upon which the defendant became bound to pay the bill, took place in *New-Orleans*; and as it respects him, the contract was wholly made there, which brings it within the principle of the case of *Smith* v. *Smith*, (2 *Johns. Rep.* 242.) The defendant is, accordingly, entitled to judgment.

Judgment for the defendant.