Per Curiam.

The discharge of the defendant in Massachusetts was local, and of his person only; the debt was not discharged. In Sicard v. Whale, which was a similar case, we refused to order an exoneretur on the bail piece. The plaintiff is entitled to the remedy which our laws afford, and the lex loci contractus does not. apply in such case. (Smith v. Spinolla, 1 Johns. Rep. 198.) The maxim, that no man shall be twice arrested for the same cause, is not universally true, for where the plaintiff is non prossed for want of declaring, or discontinues his suit, on payment of costs, he may arrest the defendant de novo; besides, the rule is applicable only to arrests within the same jurisdiction. We do not, in this respect, take notice of an arrest abroad, or in another state.'&emdash;The expressions used by the plaintiff, in regard to the defendant, were improper, but we do not think that there is' evidence of that oppression and vexation which should require the interposition of the court.
ON a question referred to the court by the clerk, relative to . 3 the assessment ot damages, whether he was authorized to take ° . . proof of the loss of the original paper, and assess the damages thereon, in like manner as on an execution of a writ of inquiry of damages before a sheriff; The Court said, the clerk had power to take such evidence as to a lost pnper, and assess the damages accordingly.

 Da1ta~, 29~ 388.