GERSHOM W. LAMBERT and CHARLES JONES *against* GEO. MOORE.

### IN DEBT.

A defendant having been held to bail, and a judgment rendered against him in another state, cannot be held to bail in this state in an action on that judgment.

Westcott *v*. Danzenbaker et al.

This was a motion to discharge the defendant on common bail.

The opinion of the court was delivered by Justice FORD.

*Ewing*, attorney for plaintiff. *Wall*, for defendant.

FORD, J. The plaintiffs arrested the defendant, and held him to bail, in Pennsylvania. After judgment was rendered against him in that state, the bail became insolvent. The defendant is now *arrested* in this state, in an action brought upon that judgment, and he moves to be discharged on common bail. It is a clearly settled rule, that bail shall not be required to an action of debt on a *judgment*, if the defendant gave bail to the former suit. And even if the bail have become *insolvent*, it has never been held a sufficient reason to make an exception to the rule. Such is the law that governs this subject where the judgment is rendered in this state, between our own citizens. We give full faith and credit to this record from Pennsylvania, and allow it to have all the validity of a record in our own state ; but there is no reason for allowing it greater efficacy, or extending broader privileges to the plaintiff, or laying heavier obligations on the defendant, than the rules of law provide for our own citizens. Indeed, the rule is the same. See *Tidd's Prac.* 186; *Say's Rep.* 160; 7 *Term Rep.* 407, 470; 14 *John.* 346.

Let the defendant be discharged on common bail.