Whittemore
v.
Adams.

WHITTEMORE *against* ADAMS.

An insolvent discharge of a neighboring state, which exempts the person from imprisonment, but leaves the future acquisitions of the debtor liable to execution, relates to the *remedy* merely, not the *contract*, and is not of any force in this state.

Imprisonment is no part of the contract.

The *lex fori* governs the remedy.

An insolvent law does not operate as a part of the *lex loci contractus*, unless it discharge the contract.

ASSUMPSIT, on divers promissory notes, dated after the 3d of March, 1803, at Alexandria, in the District of Columbia, made by the defendant.

Plea, " that he cannot deny the said action of the said plaintiff, nor but that he did undertake and promise, in manner and form as the said plaintiff hath above thereof complained against him, nor but that the said plaintiff ought to recover against him, the said defendant, his damages sustained on occasion of the not performing of the said several promises and undertakings of him, the said defendant ; but the said defendant, in pursuance of the act of Congress of the United States of America, entitled, "An act for the relief of insolvent debtors within the District of Columbia," (passed 3d March, 1803,)(*a*) in discharge of his person from the execution of the judgment to be obtained against him, in this behalf, by the said plaintiff in this action, according to the form and directions of that statute, says that he the said defendant, heretofore, to wit, on the 1st day of April,1819, was in actual confinement in jail in the said District of Columbia, to wit, at the city and in the county of New York, at the suit of a creditor of him the said defendant ; and that he, the said defendant, afterwards, to wit, on the 3d day of May, in the year 1819, at the district of Columbia aforesaid, to wit, at the city and in the county aforesaid, having in all things conformed himself to the provisions of the said statute, was duly discharged by the Hon. William Cranch, Chief Justice of the United States' Circuit Court of the District of Columbia aforesaid, he then being the acting Judge, according to, and by virtue of the said statute ; and that the certificate of the said discharge, by the said Chief Justice, was by him the said Chief Justice, on the day and year last aforesaid, at the District of Columbia aforesaid, to wit, at the city and county aforesaid, lodged with the Clerk of the county of Alexan

(*a*) 6 U. S. Laws, old ed. 294.

dria, and by the said Clerk duly recorded, pursuant to the provisions of the said act, the said county of Alexandria being the county in which the said discharge took place ; and the said defendant further says, that the several promises and undertakings in the plaintiff's said declaration mentioned and set forth, and each and every of them, were made by him, the said defendant, to the said plaintiff, before the said 3d day of May, 1819, and this he, the said defendant, is ready, &c., wherefore he prays judgment, and that his person be discharged from the execution of the judgment to be obtained against him, by the said plaintiff, in this action, according to the form of the said statute, &c."

REPLICATION. " And the said plaintiff, by his said attorney saith, that he ought not to be barred or precluded, by any thing, by the defendant above in pleading alleged, from having execution against the person of the said defendant ; because he says that the said defendant never was discharged by the Honorable William Cranch, Chief Justice of the United States' Circuit Court of the said District of Columbia, in manner and form as the said defendant hath above, in pleading, alleged and this he prays, &c."

The cause was tried at the New York Circuit Court, before EDWARDS, Circuit Judge, Feb. 13th, 1824, and verdict for the defendant in the above issue.

The defendant had put in special bail.

On these facts, *A. Spencer*, for the defendant, now moved that an *exoneretur* be entered on the bail piece, and that the plaintiff enter up a special judgment against the future acquisitions of the defendant only, with costs to the defendant, to be taxed on the issue so found in his favor, within 20 days after service of notice of such rule, or that the defendant have leave to enter such judgment for him, or for such other rule, &c.

On the other hand, *H. D. Sedgwick*, for the plaintiff, moved for judgment, generally and absolutely, notwithstanding the finding of the jury in favor of the discharge.

Both motions were argued at the same time.

Whittemore
v.
Adams.

John.

*A. Spencer,* for the defendant.   *Wright* v. *Paton,*(b) called in question the validity of a discharge under this very act of Congress ; and the Court denied its effect, only on the ground that it was not properly set forth in pleading. No jurisdiction was given by the plea, to the Judge who granted the discharge, within the rule repeatedly laid down by this Court. It was virtually holden, in that case, that the person of the defendant was discharged, though the question was not directly determined.   The Court would have sanctioned the discharge, had it been properly pleaded. That case also decides, that as to the union at large, the act is a private one, of which the Courts in the several states are not bound to take notice, unless it be shown to them in pleading.   The parties, then, have gone to trial on an immaterial issue, and there should, at least, be a repleader awarded.   The rule laid down in *Rex* v. *Philips,*(c) is that "when the finding upon the issue does not determine the right, the Court ought to award a repleader, unless it appears from the whole record that no manner of pleading the matter could have availed."   In fairness and propriety, the plaintiff should have demurred, which would have given the defendant a chance to amend, on the issue in law being determined against him.   He could have set forth that the contract was made in the District of Columbia, thereby incorporating the act, and making it a part of the contract, according to the constant doctrine of this Court.(d)   They will not allow the plaintiff to shut out this defence by the artifice of taking issue on the plea, having it found against him, and then moving for judgment *non obstante veredicto.* The Court should not hear the validity of a plea discussed on a non-enumerated motion, when the party might have demurred.

(c) 1 Burr. 301.

(d) *Mather & Strong* v. *Bush,* 16 John. 233.

It is true, that the act in question provides merely for a discharge of the person, and for holding him to common bail only ; and the 14th section declares, that the discharge shall have no greater effect, in any particular state, than if the debtor had been discharged under the insolvent debtor's law of any other state.   The last provision will probably be relied on, as bringing the case within our decisions, which have denied all operation to discharges of other states, when both

parties were not resident there at the time of the contract. The decisions upon this question are by no means uniform. In *Miller* v. *Hall*,(e) the Supreme Court of Pennsylvania gave effect to a bankrupt discharge in Maryland, though the plaintiff was a resident in Pennsylvania, and directed an *exoneretur* to be entered upon the bail piece ; but a contrary decision had been before made in *James* v. *Allen*,(f) and in *Donaldson* v. *Chambers*(g) a rule *nisi* was granted, on the authority of *Miller* v. *Hall.* The case of *Hicks* v. *Brown*, in this Court,(h) is in point. The defendant had been discharged under the insolvent act of New Orleans. He pleaded the discharge here, and it was allowed. It is, accordingly, enough for us, that the discharge in question be allowed the same effect here, as if it had been granted under the law of another state. It is true, there are cases(i) in which this Court have refused to discharge a defendant, who has obtained a foreign discharge on common bail ; but the true ground of the refusal was, because the Court would not interfere summarily. The party should be put to plead his discharge. In cases, however, where bail come for relief, the Court have discharged them without plea.(j)

*H. D. Sedgwick*, for the plaintiff, cited Tidd. Pr. 830, for the distinction between a repleader and judgment *non obstante veredicto.* He was willing the statute should be considered a private one ; for then all defence failed ; it becomes apparent that a repleader would be useless, and judgment should be for the plaintiff generally. *

He opposed the defendant's motion on several other grounds : 1. That the act is a mere municipal regulation of the District of Columbia. 2. That it does not warrant a plea. It gives the remedy specifically, which must .be by motion to discharge on common bail. This is by the 10th section, (6 U. S. Laws, 300.) 3. The plea does not show that Judge Cranch had jurisdiction, which is indeed admitted on the other side.

As to the first point, he said the whole act related merely to the imprisonment of the body, the remedy for the debt.

NEW YORK, May, 1824.

Whittemore v. Adams.

(e) 1 Dall. 229.
(f) Id. 188.
(g) 2 id. 100.

(h) 12 John 142.

(i) *Peck* v *Hozier & Mulock*, 14 John 346

(j) *Seaman* v. *Drake*, 1 Caines' Rep. 9. *Kane* v *Ingraham*, 1 John. Cas. 403

NEW YORK, May, 1824.

Whittemore v. Adams.

It had nothing to do with the contract. The *lex fori* must prescribe the remedy. This arises from the nature of things. Every Court has, and must abide by, its own forms; and this rule has even been applied to the statute of limitations of a neighboring state.(k) How could the law of bail or of attachment, in Massachusetts, he brought over and applied here, though the contract was made there? Different states have different times and modes of enforcing judgments, which can never be adopted here. They levy their executions on different kinds of property. The case of *James* v. *Allen*,(l) denied any effect to a New Jersey discharge, because it operated as a mere exemption from imprisonment, did not extend to the contract, and was, therefore, local in its effect. *Smith* v. *Spinola*,(m) *White* v. *Canfield*,(o) and *Peck* v. *Hozier & Mullock*,(p) in this Court, proceeded upon the same principle. *Wright* v. *Paten*,(q) decides nothing as to the nature or effect of the discharge.

*H. Bleecker*, same side. Whether this statute be private or public, it is no bar. The late decisions of the Supreme Court of the United States,(r) and of this state,(s) relative to the effect of the records and judicial proceedings of one state, when sought to be enforced in another, have no application. It is a rule of general and universal law, that the remedy must always be governed by the *lex fori*. *Nash* v. *Tupper*,(t) is a strong illustration of this rule. *Hicks* v. *Brown* merely decides, generally, that the insolvent law of the place makes a part of the contract, where that contract is properly affected by it; but where it relates to the person, it has uniformly been treated as a modification of the remedy alone. To say otherwise, would be confounding the laws of the different states, making those of one state govern in another. Take the case of divorces. What becomes of the exclusive legislation of the state on this head, if you give effect to these local laws? So, as to foreign letters of administration, or judgments upon attachment in another state, in a suit commenced while the defendant is absent from the state, and has never been served with process. The cases giving a construction to that part of the federal constitution,

(k) *Nash* v. *Tupper*, 1 Caines' Rep. 402.

(l) 1 Dall. 188.

(m) 2 John. Rep. 198.
(o) 7 Id. 117.
(p) 14 John. 346.
(q) 10 John. 300.

(r) *Mills* v. *Durye*, 7 Cranch. 481.
*Hampton* v. *M'Connel*, 3 Wheat. 234.
(s) *Andrews* v. *Montgomery*, 19 John. 162.
(t) 1 Caines' Rep. 402.

which declares the effect of judical proceedings, determine that effect merely as evidence, or in relation to the form of pleading. But to say that foreign records shall have the same effect throughout, and in every particular, as our own, would be to make a judgment of Pennsylvania a lien on lands here, or make their process of execution run in this state. The same principle would produce this state of things which is now set up against our remedy by *ca. sa.*

*Sedgwick*, here cited the case of the *United States* v. *Wilson*,(*u*) where it was decided that an insolvent debtor, who has received a certificate of discharge from arrest and imprisonment, under a state insolvent law, is not entitled to be discharged from execution at the suit of the United States.

(*u*) 8 Wheat 253.

*Spencer*, in reply. It is said, the *lex fori* must govern as to the remedy. To this we agree, and the illustrations advanced on the other side are all correct. But they do not apply. Here the process is all gone through with. The question does not relate to the preliminary proceedings, but the effect and operation of the judgment. Suppose the law had provided that the future acquisitions of the defendant should be protected, could he not avail himself of such a provision by pleading? *Mather* v. *Bush* decides, that if the contract succeed the statute, the latter is engrafted upon and becomes a part of the former. Now suppose the plaintiff had covenanted that he never would take out execution against the body, might not the defendant plead this as a release by operation of law? Would not the covenant limit the plaintiff to his execution against the property? Our objection does not relate to the remedy, but the consummation.

*Curia.* The defendant relies upon an insolvent discharge granted pursuant to an act of the Congress of the United States, for the relief of insolvent debtors within the district of Columbia. (6 U. S. L. old ed. 294.) The 10th section of that act declares its effect. If a debtor is arrested for any debt contracted before the discharge, the Court issuing the

NEW YORK, process, or a Judge, are to release him on common bail
May, 1824. This discharge is founded on a *cessio bonorum*, but all the
Whittemore subsequent acquisitions of the debtor remain liable to exe-
v.
Adams. cution.

Giving to this discharge all the effect which can possibly
be claimed under the act of Congress, it does not operate
upon the contract, but merely upon the mode of enforcing
it. It is a personal discharge of the defendant—nothing
more ; and must, from its very nature, be confined in oper-
ation, to the district of Columbia. The *lex loci contractus*
does not apply. (*Peck* v. *Hozier & Mulock*, 14 John. 346.)
Imprisonment is a part of the remedy, not of the contract.
(*Sturges* v. *Crowninshield*, 4 Wheat. Rep. 200, 201.) It is
obligatory on the Courts in the district of Columbia, as to
bail, and the manner of proceeding upon execution. The
defendant cannot be imprisoned there ; but it does not fol-·
low that he is exempt from imprisonment in this state.

A further effect is contended for, upon the principle that
the contract being made in the district of Columbia, during
the existence of the law, was entered into in reference to it ;
and that the statute, therefore, is incorporated with, and be-
comes a part of the contract. This is true, so far as the
nature, validity and construction of the contract is concern-
ed ; but it has no application to the forms of judical proceed-
ing. · (*Pearson* v. *Dwight*, 2 Mass. Rep. 84. *Dixon's
Ex'rs.* v. *Ramsay's Ex'rs.* 3 Cranch, 319.) The same
principle has been repeatedly acted upon by this Court, in
relation to the statute of limitations of adjoining states,
(*Nash* v. *Tupper*, 1 Caines' Rep. 102,) even where the con-
tract arose, and both parties resided there. (*Reygles* v.
*Keeles,* 3 John. Rep. 263.) And a long and unbroken se-
ries of decisions has denied any effect to these personal dis-
charges, beyond the boundaries of the state where they are
granted, (*James* v. *Allen*, 1 Dall. 188 ; *Smith* v. *Spinola*,
2 John. Rep. 198 ; *White* v. *Canfield*, 7 John. Rep. 117 ;
*Sicard* v. *Whale*, 11 John. Rep. 194,) upon the principle, that
the statutes under which they are granted are inapplicable,
as a part of the *lex loci contractus* ; but constitute a part of
the *lex fori* merely, (*Peck* v. *Hozier & Mulock*, 14 John.
346.

The case principally relied on by the defendant's counsel, is *Hicks* v. *Brown*, (12 John. 142.) That case gave effect to a New Orleans discharge, which extended both to the person and contract of the debtor, and the principle of that case was again recognized by this Court, in *Sherrill* v. *Hopkins*, (1 Cowen's Rep. 103.) Both cases are plainly distinguishable in this particular, from the present. They go beyond imprisonment, the mere remedy, to the contract itself.

This distinction is founded not only upon authority, but upon the plainest principles of propriety and convenience; and it was well observed at the bar, that a contrary rule would confound the laws of the different states, making those of one state govern in another. Suppose a law of Columbia declaring that execution should not go till a given time after judgment; that the defendant should be imprisoned for a limited time; that he should be supported by the creditor during his imprisonment, or enjoy jail liberties to a given extent; might not these modifications of the remedy be extended to New York, with the same propriety as any more material change? Where are we to stop? On the other hand, suppose a foreign law declaring imprisonment perpetual until the debt is paid, or inflicting other severe punishment for insolvency, are our own laws to enforce these various alterations in the remedy, as a part of the *lex loci contractus?*

Nor is this discharge operative within that clause of the constitution which declares, that full faith, credit and effect shall be given to it as a judicial proceeding of another state. (Con. U. S. art. 4, s. 1. 2 U. S. Laws, new ed. 102.) This is undoubtedly true, when considered in reference to pleadings and evidence. (*Mills* v. *Durye*, 7 Cranch, 481. *Hampton* v. *M'Connel*, 3 Wheat. Rep. 234.) But it is not and cannot be so in its greatest extent. The cases decide that the judicial record of one state shall not lose any thing in verity, by being carried into another; that it shall be tried by itself on a plea of *nul tiel record.* But to give the same unlimited effect to a foreign judgment, as to one of our own, would be, as remarked at the bar, to make a judgment, in one state, bind lands in another. The argument, as derived from the constitution, is very fully and ably considered by

NEW YORK, Shippen, J. in *James* v. *Allen*, (1 Dall. 188.) *Millar* v. *Hall*,
May, 1824. (id. 229,) does not contradict the doctrine of the former case.
The discharge drawn in question, by the latter, probably
extended to the contract; for, though decided subsequent
to *James* v. *Allen*, which was referred to in argument, it
does not profess to question that case.

The judgment must be for the plaintiff, *non obstante
veredicto*.

RULE : That the motion of the defendant be denied, with
costs ; and that judgment be rendered for the plaintiff, gen
erally, notwithstanding the verdict of the jury.