CASE 85—ACTION BY V. H. BRAND AGAINST G. C. BRAND, AND
OTHERS ON A PROMISSORY NOTE.—NOV. 18.

116    785
125    370

# Brand v. Brand, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

FROM AN ORDER DISMISSING PLAINTIFF'S PETITION, HE APPEALS AND FROM
AN ORDER OVERRULING A DEMURRER TO THE PETITION DEFENDANTS
APPEAL. REVERSED ON PLAINTIFF'S APPEAL AND AFFIRMED ON DE-
FENDANT'S APPEAL.

BILLS AND NOTES—ACTIONS—NON-RESIDENTS—JURISDICTION—ATTACH-
MENT—OBJECTIONS—APPEARANCE—WAIVER— FOREIGN   JUDGMENTS
—CONCLUSIVENESS—DETERMINATION—LIMITATION.

1. Civil Code, section 194, provides that a plaintiff may at or
after the commencement of an action, have an attachment
against the property of the defendant as a security for the sat-
isfaction of any judgment he may recover against a defendant
who is a non-resident of the State. HELD, that where a non-res-
ident defendant had property within the State, a circuit court of
a county where such property was located acquired jurisdiction
of the defendant to the extent of the value of such property by
the levy of an attachment thereon.

2. Where a non-resident sued by attachment appeared and de-
murred to the petition for alleged want of jurisdiction of the
court, and, after his demurrer was overruled, he appeared and
pleaded to the merits, the court thereby acquired jurisdiction of
his person.

3. Constitution United States, article 4, section 1, re-
quires  full  faith  and  credit  to  be  given  in  each
State  to  the  judicial  proceedings  of  every  other  State,
and Rev. St. U. S. sec. 905 (U. S. Comp. St., 1901, p. 677),
provides that the judgment of any court of any State shall have
the same force and effect in any other State as in the State where
rendered. HELD, that whether a judgment dismissing an action
on a note in New York on the ground that it was barred by lim-
itations of that State was a determination on the merits of the
case, and therefore barred another action on the note in Ken-
tucky, depended on the effect which would be given to such judg-
ment by the courts of New York.

Vol. 116—50

4. Plaintiff held a note against defendant, who was a resident of New York, and for the purpose of collection only assigned it to G., who brought suit thereon in New York, in which the court directed judgment for defendant on the ground that the action was barred by the New York statute of limitations. Thereafter plaintiff brought suit on the note in Kentucky, and defendant pleaded the New York judgment as a bar. Held, that since, under the decisions of New York, a judgment based solely on the statute of limitations is held to affect the remedy only, and not the cause of action, such judgment was no bar to plaintiff's action in Kentucky, where a different statute of limitations prevailed.

GEO. L. EDWARDS AND MORTON, WEBB & WILSON FOR PLAINTIFF. BRECKENRIDGE & SHELBY AND H. A. HEROLD, FOR DEFENDANT.   (NO BRIEFS, RECORD MISPLACED.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM.

The appellant, Virginia Brand, brought this suit against the appellees in the Fayette circuit court to collect the following promissory note:

"$4,999.91.

"Kirkwood, Mo., March 1, 1886.

"Twelve months after date we promise to pay to the order of Virginia H. Brand, forty-nine hundred and ninety-nine dollars and ninety-one cents for value received. Negotiable and payable without defalcation or discount, and with interest from date at the rate of eight per cent. per annum. Payable at the St. Louis National Bank, St. Louis, Mo.                    BRAND & HOLTZMAN."

The following indorsements appear on the back of the note:

"Sept. 13, 1886.

"Allowed on this note against the estate of Brand & Holtzman $5,123.19.             Y. PITMAN,

"Ass'nee of Brand & Holtzman."

"Paid on this note, the first dividend of twenty per cent., being $1,042, Sept. 30, 1886.       Y. PITMAN, Assignee."

。"Paid Jan. 7, 1887, $196.48.          Y. PITMAN, Assignee."

She alleged in her original and amended petition that the defendant. George G. Brand, H. H. Herold, and Ella Fletcher Brand were nonresidents of the State of Kentucky, and citizens of the State of New York; that the defendant George C. Brand was a son of W. M. and H. W. Brand, deceased, and that he owned an undivided interest in certain specifically described tracts of real estate in Fayette county, Ky., in the city of Chicago, Ill., and lands in the State of Texas, and also in a trust fund—all of which was in the possession of and controlled by the defendant Shropshire; that after the creation of her debt, on the 15th of December, 1900, George C. Brand had, in fraud of her rights as creditor, conveyed to the defendant Herold, without valuable consideration, all of his interest in the trust estate for the use and benefit of Ella Fletcher Brand. A warning order was issued against all of the nonresidents, and a corresponding attorney appointed to notify them of the pendency of the suit and the objects thereof. She prayed for a personal judgment against the defendant George C. Brand for a cancellation of the conveyance made by him to Herold, and sued out a general attachment, which was levied upon the real and personal estate located in Fayette county; and she had a garnishee served on Shropshire as testamentary trustee, and called on him to answer, and state the amount and aggregate of the trust funds in his hands; and that the interest of George C. Brand should be applied to the payment of her debts. She also set out the provisions of the will of W. M. Brand creating the trust, which are as follows: "It is my will and I do hereby direct that my executrix and executors shall have the right, and I do hereby empower them, or those of them who qualify as such, to sell and dispose of, and convey any part of my

real or personal estate, and to invest the same as a productive fund in any other estate; and I do direct that the profits of my estate shall be left in the hands of my executrix and executors to rear and educate my children, or so much thereof as shall be sufficient and necessary for the support of my wife for life, or during her widowhood; and that in distributing it to my nine children to each a ninth part, a due proportion of each part shall be retained out of each ninth to support my wife for life, or during her widowhood. . . . At the death of my wife, the estate devised to her for life is to be equally distributed as the residue of my estate devised to my children." She asked a settlement of the trust, and an ascertainment of the interest of George C. Brand, and that it be applied to the payment of her debt.

The deendant George C. Brand filed a special demurrer to the petition as amended on the ground that the Fayette Circuit Court had no jurisdiction of the defendants, or to grant the relief sought by the petition. The special demurrer was overruled, and he then filed an answer, in which, after denying the jurisdiction of the court, he alleges that the plaintiff assigned and transferred and delivered the note sued on to one Mordecai L. Gotthelf; and that in October, 1899, Gotthelf instituted an action thereon in the Supreme Court of the State of New York, alleging that he was the owner thereof, and that it had been indorsed, transferred and delivered to him for value, and prayed for judgment thereon against the defendant George C. Brand, for the amount thereof; that in answer to this petition George C. Brand stated that the note had been paid, and also pleaded and relied upon the New York statute of limitations; and that in this proceeding a judgment upon the merits of the controversy had

been rendered upon the verdict of a jury in his favor, which had never been appealed from, and was in full force and effect, and pleaded this judgment as a conclusive bar to the prosecution of this suit.  Plaintiff, in her reply, admits that in October, 1899, the note sued on had been indorsed and delivered to Gotthelf, but alleges that this transfer was solely for the purpose of enabling Gotthelf to collect it; admits that a trial was had in the New York court, before a jury, on the 20th of February, 1900, and that the judgment was rendered solely upon the plea of the statute of limitations, and denies that the judgment in that action was rendered upon the merits of the petition; "that under the laws of the State of New York the statute of limitations relied upon by the defendant in his answer and filed in said action instituted in the State of New York was not a defense to said action upon the merits thereof;  . . . that under the laws of the State of New York the judgment rendered in said action in the State of New York upon the aforesaid plea of limitation neither impaired nor extinguished the right or cause of action set up or alleged in said suit.  The only effect of said judgment in said suit under the laws of the State of New York was to deny the plaintiff in said action the remedy sought for the enforcement of the cause of action set up by the plaintiff in said suit, and that said judgment under the laws of the State of New York was no bar to another suit in said State upon the same cause of action; that the effect of such a judgment under the laws of the State of New York was to deny to the plaintiff in a second suit in the same State the remedy denied him in the first suit."  A copy of the record in the New York suit was filed as  an  exhibit  with  the  reply. Whereupon the defendant George C. Brand filed a general demurrer to the reply as amended, which was sustained by

the court, and, the plaintiff declining to plead further,
judgment was entered dismissing her petition, and discharg-
ing her attachment; to which action of the court the plain-
tiff excepted, and prayed an appeal to this court. The de-
fendant George C. Brand also prosecutes a cross-appeal
from the judgment of the circuit court overruling his spe-
cial demurrer to the jurisdiction of the court.

The first question to be determined is whether the Fay-
ette circuit court had jurisdiction by attachment and con-
structive service of process upon the defendant to subject
the property levied on by the attachment to the payment
of the claim of plaintiff. At least a part of the property
sought to be subjected is located in Fayette county. Sec-
tion 194 of the Civil Code provides that: "The plaintiff
may, at or after the commencement of an action, have an
attachment against the property of the defendant, includ-
ing garnishees as is provided in section 227, as a security
for the satisfaction of such judgment as may be recovered,
against a defendant who is a nonresident of this State."
The right of a State through its tribunals to subject prop-
erty situated within its limits owned by nonresidents to
the payment of demands against them, and that this juris-
diction in no respect infringes upon the sovereignty of the
State where the owners are domiciled, is too well estab-
lished to admit of argument. Thus, in Picquet v. Swan,
5 Mason, 35, Fed. Cas. No. 11,134, Mr. Justice Story said:
"Where the party is within the territory, he may justly be
subjected to its process, and bound personally by the judg-
ment pronounced" against him. "Where he is not within
such territory, and is not personally subject to its laws, if
on account of his supposed or actual property being within
the territory process by the local laws may by attachment
go to compel his appearance, and for his default to appear

judgment may be pronounced against him, such judgment must upon general principles be deemed only to bind him to the extent of such property, for the reason that, except so far as the property is concerned, it is a judgment *coram non judice.*" In Boswell's Lessee v. Otis, 9 How., 336, 13 L. Ed., 164, the court said: "Jurisdiction is acquired in one of two modes: First, as against the person of the defendant, by a service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not personally bound by the judgment beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill in chancery. It must be substantially a proceeding *in rem.*" In Cooper v. Reynolds, 10 Wall., 308, 19 L. Ed., 931, and Pennoyer v. Neff, 95 U. S., 714, 24 L. Ed., 565, this question was fully considered, and the conclusion reached that a State having within her territory property of a nonresident might appropriate it to the satisfaction of claims against him. Numerous authorities could be advanced in support of this view, but we deem the above sufficient. Besides, in this case the defendant George C. Brand did not elect to stand by his demurrer, but entered his appearance, and plead to the merits of the controversy. We think, therefore, that the court necessarily had jurisdiction of him.

It is conclusively shown by the testimony that the assignment of the note by the plaintiff to Mordecai L. Gotthelf was solely for the purpose of collection, and was done upon the advice of her attorney in New York City, and that it still remains the property of the plaintiff. It is also conclusively shown by the copy of the record of the pleadings, instructions, and testimony in the New York

suit that the verdict of the jury was rendered pursuant to a peremptory instruction of the court to find for the defendant upon the sole ground that it had been shown that the defendant Brand at the time of the commencement of the action was and had for more than six years prior thereto been a resident and inhabitant of the State of New York, and that under the statute of limitations in that State the action could not be maintained. Besides, it appears that the defendant George C. Brand upon the trial admitted the execution of the note, and that he was entitled to no credits other than for the payments made by his assignee. The question is squarely presented as to whether the judgment rendered for the defendant by the Supreme Court of New York upon the plea of the statute of limitations in that State extinguishes the causes of action and is a bar to another suit upon the same cause of action in another jurisdiction which does not have the same statutory limit in which such action may be commenced. This contention is mainly based upon section 1 of article 4 of the Constitution of the United States, which provides: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State, and Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof;" and upon section 905 of the Revised Statutes of the United States (U. S. Comp. St., 1901, p. 677), wherein it is provided that the judgment of any court of any State in the Union shall have the same force and effect in any other State as in the State where rendered. The effect of this provision of the Federal Constitution and the statute rendered pursuant thereto was fully considered by this court in Williams v. Preston, 26 Ky., 600, 20 Am. Dec., 179, and more recently in Calloway

v. Glenn, Trustee, 105 Ky., 651, 20 R., 1447, 49 S. W., 440, in which the conclusion was reached that the judgments and decrees of a sister State were entitled to precisely the same effect in this State as they would have had by the laws of the State wherein they were rendered. It follows that if the judgment relied on in this case would be conclusive of the plaintiff's cause of action on its merits in the State of New York it must be conclusive here.

Counsel for appellant contends that the courts of New York held that the statutes of limitation of that State operate exclusively upon the remedy, and do not in any respect affect the cause of action, and that a judgment for defendant rendered upon the plea of the statute of limitations in one jurisdiction is not a bar to another suit upon the same cause of action elsewhere, and that this holding of the New York courts is the generally accepted construction of the statute of limitation both in England and in the various States of the United States; and in support of this contention he has collated in his brief numerous authorities, to which our attention has been directed. First is the case of Whittemore v. Adams, 2 Cow., 626, a case decided by the Supreme Court of New York. The action was upon divers promissory notes, the pleadings admitting the indebtedness. Under the laws of New York the person of the debtor might be taken under execution, and imprisoned, etc. To avoid the imprisonment in consequence of a judgment, the defendant pleaded an act of the District of Columbia for the relief of insolvent debtors, by complying with the provisions of which the person of said debtors were exempt from imprisonment. The defendant alleged prior imprisonment and discharge under said act. And the court, in passing upon the issues thus joined, said: "The defendant relies upon an insolvent discharge granted pursuant to

an act of Congress of the United States for the relief of in-
solvent debtors within the District of Columbia.   6 U. S.
Laws (Old Ed.), p. 294.  The tenth section of that act (Id.,
p. 300), declares the effect.   If a debtor is arrested for any
debt contracted before the discharge, the court issuing the
process, or a judge, are to release him on common bail.
.  .  .  Giving to this discharge all the effect which can
possibly be claimed under the act of Congress, it does not
operate upon the contract, but merely upon the mode of
enforcing it.   It is a personal discharge of the defendant,
nothing more, and must, from its very nature, be confined
in operation to the District of Columbia.   The *lex loci
contractus* does not apply.   Imprisonment is not a part of
the remedy, not of the contract.  .  .  .  The defendant
can not be imprisoned there, but it does not follow that he
is exempt from imprisonment in this State.   The same
principle has been repeatedly acted upon by this court in
relation to the statutes of limitation of adjoining States
(Nash v. Tupper, 1 Caines, 402, 2 Am. Dec., 197), even where
the contract arose and both parties reside there.   And a
long and unbroken series of decisions has denied any effect
to these personal discharges beyond the boundaries of the
State where they are granted, upon the principle that the
statutes upon which they are granted are inapplicable, as
part of the *lex loci contractus*, but constitute a part of the
*lex fori* merely.   The case principally relied upon by the de-
fendant's counsel is Hick's v. Brown, 12 Johns., 142.   That
case gave effect to a New Orleans discharge, which extend-
ed both to the person and the contract of the debtor; and
the principle of that case was again recognized by this court
in Sherrill v. Hopkins, 1 Cow., 103.   Both cases are plainly
distinguishable in this particular from the present.   They
go beyond imprisonment, the mere remedy to the contract

itself. . . . Nor is this discharge operative within the clause of the Constitution which declares that full faith, credit and effect shall be given to the judicial proceedings of another State." This case was approved in Stern, &c., v. Schlesinger (City Ct. N. Y.), 5 N. Y. Supp. 1, and the following is taken from the statement of facts in the latter case: "An order of arrest was granted herein, and defendant's motion to vacate on the grounds that having been arrested in Michigan on the same cause of action, he could not be again arrested on it in New York, and that the action being on a foreign judgment, the cause of action was merged, and there could be no arrest, was denied. Defendant now moves to vacate the order on affidavits showing that the defendant took the 'poor debtor's oath' in Michigan, and was there discharged from imprisonment, after opposition offered by the creditor, and that the effect of such discharge under the laws of Michigan is to forever exempt the defendant from imprisonment on the same cause of action." In the course of the opinion the court said: "The poor debtor's act of Michigan (2 How. Ann. St., c. 309) is a beneficent statute, under which impecunious debtors may be relieved from imprisonment. The discharge does not affect the debt, which remains unimpaired, but terminates the imprisonment, and provides that the debtor, after being so discharged, shall be forever exempted from arrest or imprisonment for the same debt.' The effect of the discharge under the enactment was to prevent a second arrest in that State for the same debt. The act can have no greater effect, for it has no extraterritorial force, and can not be invoked here. True, the creditor opposed the discharge, but this circumstance adds nothing to the extraterritorial operation of the statute. If the proceedings under the act in question had discharged the

debt or obligation, and the creditor had entered the foreign jurisdiction and there contested the discharge, a different question would have been presented; for a debt once lawfully extinguished in Michigan by payment or operation of law is, as a rule, discharged everywhere. A discharge from debts granted under the laws of one State may be inoperative on the citizens of other States, unless the obligations are to be performed in the place where the discharge was granted. Yet where such citizens submit themselves to the jurisdiction of the foreign law by voluntarily becoming parties to the proceedings there pending, they may be concluded by the adjudication made. Soule v. Chase, 30 N. Y., 342. But the application made in Michigan did not affect the debt. It merely affected the remedy provided for its enforcement in that State, and the discharge from imprisonment granted therein merely put an end to the right to imprison the debtor within that jurisdiction. Imprisonment is no part of the contract, and, notwithstanding the discharge in Michigan, the debt remained unimpaired, and the rights to enforce it in other jurisdictions, according to the laws thereof, followed the obligation as a legal incident, for the *lex fori* governs the remedy. . . . In other words, the remedial statutes of other States in no manner affect or concern us in the manner of executing our laws. Each State enforces its provisional remedies according to its own peculiar methods. Obligations are determined and contracts construed with reference to the law of the place where they were made or are to be performed. But when we come to remedies it is another thing. . . . A discharge from imprisonment relates only to the remedy, and not to the contract or obligation. It is limited in its object and local in its effect, having no force beyond the boundary of the State where it

was granted, and the creditor is entitled to all the remedies provided by the *lex fori.*"

These cases announce the rule that the *lex fori* always governs the remedy, and that judgment based upon statutes which operate simply upon the remedy do not affect the cause of action. In the case of the Bank of the United States v. Donnally, 33 U. S. 361, 8 L. Ed., 974, the suit was upon a promissory note executed in Kentucky, and payable there, on which suit was commenced in the District Court for the Western District of Virginia. Among other defenses, the defendant pleaded the statute of Virginia in bar of the action. In consideration of this defense the counsel for the plaintiff urged the following for the consideration of the Supreme Court of the United States: "Mr. Sergeant, in reply, urged upon the court the propriety of leaving to the plaintiffs in error their remedy on the note should a suit be brought upon it in the State of Kentucky or elsewhere. If the court should consider the limitation law of Virginia as governing the case, they would apply that law, by their judgment, to the remedy which had been sought in this suit in Virginia, and not give such a judgment as would impair the plaintiff's right elsewhere. He contended that the sole ground of the cases cited for the defendant was the effect of the statutes of limitation upon the remedy. They do not decide that the right to the debt is destroyed by the lapse of time." In response to this question so urged upon the consideration of the court, Justice Story (on page 370) said: "As the contract upon which the original suit was brought was made in Kentucky, and is sought to be enforced in the State of Virginia, the decision of the case in favor of the defendant upon the plea of the statute of limitations will operate as a bar to a subsequent suit in the same State; but not nec-

essarily as an extinguishment of the contract elsewhere, and especially in Kentucky. But a general judgment in favor of the defendant upon his demurrer to the declaration (it is supposed) may, as a judgment upon the merits of the claim, have a very different operation as *res adjudicata* or final judgment. Hence there arises a very important consideration as to the correctness of the judgment upon that demurrer. It has accordingly been argued at large by counsel for the bank as vital to the rights as well as the remedies of the bank in other States. We are of the opinion that the fourth and fifth counts are upon the general demurrer good, and that the judgment of the court below was as to them erroneous. . . . Upon the whole our opinion is that the judgment upon the demurrer by the defendant to the fourth and fifth counts ought to be reversed; in all other respects it ought to be affirmed. But, as the plea of the statute of limitations is a good bar to all the counts, the judgment of the court below that the plaintiff's take nothing by their writ is right, and ought to be affirmed with costs." On the same page then (loc, cit., 374) is found the form of the judgment directed to be entered by the court, which reversed the judgment entered "on the merits," or professedly on the merits, and the judgment is made to show upon what ground it is based, to-wit, that it went upon the plea of the statutes of limitations. In the case of Brent v. Washington Bank, 1 Pet., 596, 9 L. Ed., 547, in discussing this question, Judge Baldwin, speaking for the court, said: "But they allege that the debt is extinguished by the verdict in their favor rendered on the plea of the statutes of limitations. In Bank of the United States v. Donnally, 8 Pet., 361, 8 L. Ed., 974, this court laid it down as an established principle that the act of limitations operated only to bar the remedy, not to extinguish

the right or cause of action; and that a judgment on a plea
of the statute was only to bar the remedy on a contract
when sued for in Virginia, as the limitation act of that
State embraced the one declared on; but did not operate
to extinguish the contract when sued on elsewhere, or in
Kentucky, where by the *lex loci* it was not affected by any
limitation. We can not take this case out of the establish-
ed rule. The legal remedy is barred, but the debt remains
as an unextinguished right; and the bank, when called in
a court of equity, may hold any equitable lien or other
means in their hands till it is discharged." In Jacobs v.
Marks, 182 U. S., 591, 21 Sup. Ct., 865, 45 L. Ed., 1241, the
court had before it the question whether a judgment ren-
dered in the court of Michigan had received full faith and
credit in the courts of Illinois, and the court said: "It
is a general rule that a plea of former recovery, whether
it be by default, verdict, or demurrer, is a bar to any new
action of the same or the like nature for the same cause.
This rule conforms to the policy of the law which requires
an end to the litigation after its merits have been deter-
mined. But there must be at least one decision on the
right between the parties before there can be a termina-
tion of the controversy, and before a judgment can avail
as a bar to a subsequent suit." In Minor on Conflict of
Laws, sec. 210, the author says: "It may be observed in
passing that a judgment for the defendant upon the plea
of the statutes of limitation will not prevent another suit
upon the same transaction elsewhere." Mr. Foote, in his
work on Private International Jurisprudence (page 512), in
speaking of laws which limit the time for the enforcement
of a civil remedy, says: "So exclusively is such a law a
matter of procedure that a foreign judgment declaring that
a claim is barred by a local statute of limitation is no bar

to an action in the tribunal of another State the laws of which fix a longer term of limitation of suit in the original cause of action. In such a case the maxim, 'Nemo bis debit vexari pro eadem causa,' does not apply, the plea upon which the foreign judgment has been given not going to the merits of the cause of action." Mr. Dicey, in his work on Conflict of Laws (page 422), says: "A foreign judgment in favor of the defendant in the foreign action is a complete answer to any proceedings here for the same matter by the plaintiff in such action, provided the judgment be final and conclusive on the merits; but it is not an answer to an action in England, if it be merely an interlocutory judgment, or a judgment which, though it decides the cause finally in the country where it is brought, does not purport to decide it upon the merits, if it is given in favor of the defendant on the ground that the action is barred by the statutes of limitations."

Whilst the adjudication of courts of last resort in the United States on this question are not entirely uniform, we think it can not be denied that the overwhelming weight of authority is to the effect that a judgment rendered on the plea of the statute of limitations in one jurisdiction does not bar another jurisdiction having a different statute of limitation, and this is undoubtedly the rule in New York. It follows, therefore, that the only effect which we can give the New York judgment is that it conclusively establishes that the plaintiff had under the laws of that State no remedy for the enforcement of her claim, but that that judgment did not extinguish her "cause of action" in the courts of Kentucky, where a different statute of limitation prevails.

For reasons indicated, the judgment is reversed on appeal of the plaintiff, and affirmed on cross-appeal of de-

fendant, and cause remanded, with direction to overrule defendant's demurrer to plaintiff's reply and for other pro-ceedings consistent with this opinion.