## Brand v Brand.

(Decided June 21, 1911.)

### Appeal from Fayette Circuit Court.

Fraudulent Conveyance—Action by Creditor to Set Aside—Dower.— In this action by a creditor to set aside as fraudulent a voluntary conveyance made by a creditor, shortly before his death, of

his property, real and personal, in Kentucky, Illinois and Texas, to his wife. Held, 1st., That the circuit court properly set aside the deed as to the Kentucky property and subjected it to the payment of appellees' debts. 2nd. It was not error for the court to refuse appellant dower out of the proceeds of the Kentucky lands, as she admittedly received under the deed from her husband, and in fraud of his creditors, in lands situated in Illinois and Texas, and the proceeds of sale of part of the Texas lands, an amount largely in excess of the value of her dower in the Kentucky lands. 3rd. Although the judgment of the circuit court did not set aside the deed as to the Illinois or Texas lands because they were territorially without its jurisdiction, it did hold the deed fraudulent as to the husband's creditors, and that appellant had paid nothing for any of the lands, therefore, as the court had jurisdiction of her person and of the Kentucky lands in which she was claiming dower, it was but equitable that it should compel her to account for what she received from a sale of part of the Texas lands in adjusting her claim to dower in the Kentucky lands; especially as it was apparent that if the deed should be set aside as to the Illinois and Texas lands, in actions hereafter brought in those States, there would still be enough left of those lands to satisfy appellant's dower therein.

SHELBY & SHELBY, J. D. & G. R. HUNT for appellant.

ALLEN & DUNCAN, CHARLES H. SHIELDS and GEORGE L. EDWARDS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted in the Fayette Circuit Court by the appellee, Virginia H. Brand, upon a note executed to her by her former husband George C. Brand, from whom she had been divorced, for about $5,000.00. The note was executed by the firm of Brand & Holzman, of which George C. Brand was a member.

It was averred in the petition that at the time of the execution of the note George C. Brand was the beneficial owner of certain personal property held for him by J. H. Shropshire, in trust, under the will of his deceased father, Wm. M. Brand; also of an undivided interest in a house and lot in Lexington, Kentucky, and certain real estate in the city of Chicago, Illinois, likewise held in trust by Shropshire; and that he owned in his own right, free of the trust, certain lands in the State of Texas inherited from his deceased mother, Harriet M. Brand. The petition contained the further averment

that after George C. Brand became indebted to the appellee upon the note in question. he, by a deed duly executed, voluntarily and without consideration, conveyed all the property mentioned to H. H. Herold, in trust for his then wife, the appellant, Ella Fletcher Brand.

George C. Brand, Ella Fletcher Brand, J. H. Shropshire and H. H. Herold were made parties defendant to the action and an attachment, procured by appellee on the ground of the non-residency of the Brands and H. H. Herold, was levied on the real and personal property in Kentucky held by Shropshire as trustee. It was also alleged in the petition that the conveyance to Herold was fraudulent as to the creditors of George C. Brand, and asked in the prayer thereof that the same be so adjudged and set aside by the court; that the attachment be sustained and the property attached, or enough for the purpose, be sold in satisfaction of appellee's debt. The defendants, Geo. C. Brand, Ella Fletcher Brand, and H. H. Herold, her trustee, entered their appearance to the action and filed a joint answer, which traversed the averments of the petition and affirmatively set up various matters in resistance of the collection of the note, including a plea of res judicata, based on a judgment of a New York Court in an action brought upon the note in that State, by which, without a trial on the merits, a recovery was defeated by an application of the New York Statute of Limitations.

The Fayette Circuit Court sustained the plea of res judicata and dismissed appellee's action, but on appeal this court reversed the judgment manifesting that ruling; holding that, as under the decisions of the New York Court of Appeals, a judgment based solely on the statute of limitations is held to affect the remedy only, and not the cause of action, the judgment of the New York Court dismissing appellee's action therein, did not bar a recovery on the note in Kentucky, where a different statute of limitations prevails. Brand, &c. v. Brand, &c., 116 Ky., 785.

Pending the appeal, or soon after its decision, Geo. C. Brand died and following the return of the case to the circuit court and the entering therein of the necessary order of revivor, judgment was rendered declaring fraudulent and setting aside the deed from Geo. C. Brand to H. H. Herold, trustee for Ella Fletcher Brand, in so

far as its attempted conveyance of the grantor's interest in the Kentucky real estate therein described was concerned; also sustaining appellee's attachment and applying the fund in the hands of Shropshire, trustee, to her debt; also subjecting to its payment the interest of Geo. C. Brand in the Lexington real estate which he had attempted to convey Herold as trustee for Ella Fletcher Brand, but reserving out of the proceeds of the Lexington real estate, which had in the meantime been sold under judgment in an action brought by J. H. Shropshire, trustee under the will of Wm. M. Brand, deceased, one-third thereof, to await the adjudication of the claim of appellant, Ella Fletcher Brand, as the widow of Geo. C. Brand, to dower in the Lexington real estate, she, after his death, having by amended answer and cross-petition filed in the case, asserted her claim to such dower.

Appellee by reply denied the right of the appellant, Ella Fletcher Brand, to dower in the Lexington real estate and alleged that she had received under the fraudulent conveyance from Geo. C. Brand to Herold, as her trustee, in other property, both real and personal, and proceeds realized from the sale of the Chicago real estate and a part of the lands in Texas, described in the deed from Geo. C. Brand to her trustee, Herold, an amount largely in excess of the value of her dower in the Kentucky real estate. The appellant, Ella Fletcher Brand, filed a rejoinder in which she denied receiving any proceeds from the sale of the Chicago real estate, but admitted she had received the proceeds realized from a sale of part of the Texas lands, amounting to $3,801.52, and did not deny that this sum exceeded the value of her dower in the Lexington real estate.

The circuit court sustained a demurrer to the rejoinder, and the appellant refusing to plead further judgment was rendered rejecting her claim to dower in the proceeds of the Lexington real estate and from that judgment she has appealed.

We have not been furnished by counsel on either side with any authority applicable, in our opinion, to the question here involved, nor have we found any in point, but in our view of the matter the circuit court's decision of it was equitable and just to the parties.

It is argued by appellant's counsel that as the judgment setting aside the deed from Geo. C. Brand to ap-

pellant's trustee, H. H. Herold. declared it fraudulent and. void only as to the Lexington real estate and personal estate in the hands of Shropshire, trustee, under the will of Wm. M. Brand, deceased, and the court disclaimed jurisdiction to adjudge the deed void as to the Texas and Illinois lands, it had no right to refuse her dower in the Kentucky land because she had received from the sale of the Texas lands an amount in excess of the value of her dower in the Kentucky lands.

The argument is plausible, but not convincing. While it is true the judgment of the circuit court did not set aside the deed in question as to the Illinois and Texas lands, it was because the lands in those states were territorially without or beyond its jurisdiction; it, however, declared the deed fraudulent as to the creditors of Geo. C. Brand, and that the appellant, Ella Fletcher Brand, had not paid anything for the Kentucky, Illinois or Texas lands; therefore, upon her admission that she had realized from a sale of a part of the Texas lands, an amount greater than the value of her dower in the Kentucky lands, it was but equitable that she should be required to account for it in adjusting her claim to dower in the Kentucky lands.

In other words as the Fayette Circuit Court had acquired jurisdiction of the person of appellant and of the property out of the proceeds of which she was claiming dower, it had the power to compel her to apply in satisfaction of her dower in the Kentucky property, the proceeds of other lands which had been conveyed her by her husband in fraud of his creditors, though situated in another State.

If, by suits hereafter instituted in those states, the deed should be set aside as to the lands in Illinois and Texas, there would still be enough left of those lands to satisfy the appellant, Ella Fletcher Brand's dower interest therein.

We know of no rule of law or equity that forbade such a judgment as was rendered by the circuit court, therefore, it should be and is affirmed.